**KIRK v. GOOD, Secretary of War, et al.**
**No. 349.**

District Court, E. D. Missouri, S. E. D.
July 11, 1929.

Rush H. Limbaugh, of Cape Girardeau, Mo., and Forrest C. Donnell and George F. Wise, both of St. Louis, Mo., for complainant.

Louis H. Breuer, U. S. Atty., of Rolla, Mo., John C. Dyott, of St. Louis, Mo., and Wm. D. Mitchell, Atty. Gen., for defendants.

DAVIS, District Judge.

Plaintiff's application for a temporary injunction, and defendants' motion to dismiss the bill, were submitted to the court at the same time. The motion to dismiss will be sustained for the following reasons:

First: The United States is not subject to be sued by a citizen except where it has granted consent, and there is no claim that such has been granted in this instance. Before such a suit may be maintained, it is incumbent upon the plaintiff to indicate that the authority to sue exists and to bring himself clearly within the privilege.

Second: Officers of the United States are not subject to suit by a private party where no personal judgment is sought and such officers have no individual interest in the controversy, but where the United States is the only real party in interest, and against whom alone the relief sought is effective. Belknap v. Schild, 161 U.S. 10, 16 S.Ct. 443, 40 L.Ed. 599; Louisiana v. McAdoo, 234 U.S. 627, 633, 34 S.Ct. 938, 58 L.Ed. 1506.

Third: Moreover, the bill does not assail the Flood Control Act (33 U.S.C.A. § 701 et seq.). Such a purpose is expressly disclaimed. It does not allege that defendants are proceeding outside the statute, but, on the contrary, the averment is that defendants are engaged in carrying out the plan of flood control adopted by Congress. No act amounting to a wrongful invasion of plaintiff's rights is alleged to have been committed or threatened, and clearly no cause of action for the relief prayed is stated.

Fourth: The awarding of the contracts for the construction of the setback levee, and the execution of said contracts are not alleged to result in the appropriation, and will not, in fact, result in the taking of any part of plaintiff's land. The effects of the adoption of the flood control plan of which plaintiff now complains, viz., the inability to sell his property or to borrow money on the security thereof, are mere consequential damages such as the prospective construction of any great public work is likely to entail, and for which relief is not afforded. Therefore, the remedy of injunction, if otherwise available, is foreclosed. Manigault v. Springs et al., 199 U.S. 473, 26 S.Ct. 127, 50 L.Ed. 274; Gibson v. United States, 166 U.S. 269, 17 S.Ct. 578, 41 L.Ed. 996.

Fifth: The court ought not, and will not, anticipate that defendants in the future, without instituting and prosecuting a condemnation proceeding in the manner provided by law, will appropriate plaintiff's property by removing any part of the present levee along the west bank of the Mississippi river, and thereby flood plaintiff's land. Oregon v. Hitchcock, 202 U.S. 60, 26 S.Ct. 568, 50 L.Ed. 935.

Sixth: Plaintiff has a complete and adequate remedy at law. The Flood Control Act, and the existing statutes made available thereby, provide a full measure of relief.

A decree denying the application for a temporary injunction and dismissing plaintiff's bill may be tendered.