**STULCE et al. v. UNITED STATES.**

No. 12186.

Circuit Court of Appeals, Eighth Circuit.

April 27, 1942.

Rehearing Denied May 19, 1942.

William L. Mason, Jr., of St. Louis, Mo. (Vincent M. Flynn, of St. Louis, Mo., on the brief), for appellants.

David A. Turner, of Washington, D. C., Atty., Department of Justice (Harry C. Blanton, U. S. Atty., of St. Louis, Mo., Julius C. Martin, Director, Bureau of War Risk Litigation, Wilbur C. Pickett, and Keith L. Seegmiller, all of Washington, D. C., Attys., Department of Justice, on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is to reverse a judgment in a suit upon a war risk insurance policy which dismissed the petition of the parents of the deceased veteran, the beneficiaries under the policy, for want of jurisdiction of the action.

It was alleged in the petition that no lapse of the policy had resulted from the veteran's failure to pay premium due June 1, 1919, because he had prior to that time become totally and permanently disabled and was also entitled to have uncollected compensation applied to maintain the insurance, and that the policy was in force at the time of the veteran's death on July 12, 1920. The suit was commenced May 16, 1940, and plaintiffs contended in the trial court, and now contend before us, that up to the commencement date the statute of limitations applicable to such suits against the government had not run but had remained suspended by the pendency of a claim for the policy benefits in the bureau of Veterans' Administration, within the intendment of 38 U.S.C.A. §§ 445, 445a. The court found, and concluded on the record presented to it, "that the cause of action based upon the war risk insurance contract issued to Raymond Stulce accrued on July 12, 1920, the date of his death. That on June 17, 1931, his father, Charles Stulce, filed a claim with the Veterans' Administration for the benefits arising out of said insurance contract, which claim was denied by the Insurance Claims Council on December 21, 1931. That Charles Stulce was duly advised of said denial by a letter from the Director of Insurance of the Veterans' Administration, which was received not later than December 28, 1931. That no appeal was taken from said denial within the time provided by the regulations of the Veterans' Administration and therefore the suspension of the Statute of Limitations provided for in Section 445 of Title 38 of the United States Code Annotated ceased to be operative. That by reason of said facts suit on said war risk insurance contract became barred by limitations during the year 1932 because no suit had been brought within the limitations period fixed by said Section 445 and the Court is without jurisdiction to entertain this suit.

"It is therefore ordered that the second defense contained in defendant's answer herein is sustained and the case is hereby dismissed for want of jurisdiction."

It appears from the evidence that after the death of the insured veteran on July 12, 1920, his father, who was named as one of the beneficiaries in the policy, made a claim for the insurance benefits and that the claim was heard and finally denied by the Insurance Claims Council on December 21, 1931. The Council's decision shows that the denial of the claim was on the ground that the evidence was not suf-

ficient to establish as a fact that the insured veteran was totally and permanently disabled at the time when the contract was in force. The notice to the father, who is one of the plaintiffs in this case, was contained in a letter referring to his claim dated December 24, 1931, as follows:

"This is with further reference to the above entitled claim. You are informed that a decision was rendered of Dec. 21, 1931, by the Insurance Claims Council to the effect that the evidence is not sufficient to establish as a fact that the former insured was totally and permanently disabled at a time when the contract of insurance was in force, and therefore the claim has been denied.

"You may consider such denial final for the purposes of instituting suit under Section 19 of the World War Veterans' Act, 1924, as amended.

"If you accept the denial of the claim by the Council as final, the suspension of the statute of limitations provided by Section 19 shall cease from and after the date of this letter plus the number of days usually required by the Post Office Department for the transmission of regular mail from Washington, D. C. to your last address of record."

On December 28, 1931, the claimant wrote the following letter to the Veterans' Administration: "In reply to the claim of Stulce, Raymond A. XC216051 I am greatly dissatisfied with the decision. Evidently he was making trips to the Government hospital at St. Louis and Chicago for treatment in the year 1919 for open wounds and Gas T.B. and was evidently totally disabled from labor at that time. Evidently he was drawing disability compensation from the Government at that time, and was satisfied they were holding out the premium on the insurance each month as they did before while in service. The boy died believing this policy in good standing and I his father would have it to help me in my old days. Now I am demanding this claim to be reinstated again. And that the Government service is the cause of my boy's death and at least they should allow me as much premium as he payed in on the policy. When he broke down I taken him as a father to my house and consoled him to the end. And have not yet received one penny neither from him nor the Government. And am still in debt for debts I made to comfort the boy. P. S. I feel as though it was right and law that the Government should pay me some premium for the loss and care of my boy. Thanking you in advance for all favors you may return."

On January 5, 1932, the Veterans' Administration answered the claimant in a letter signed H. I. McCoy, Director of Insurance, as follows:

"Receipt is acknowledged of your communication of December 28, 1931, with reference to the claim for permanent total disability insurance benefits of your son, the above captioned deceased veteran.

"The contents of your letter have been noted and you are advised that Administration letter dated December 24, 1931, fully sets out your privileges in the event you are dissatisfied with the decision of the Insurance Claims Council.

"If you do not desire to avail yourself of these privileges, this letter constitutes the final action to be taken by this office."

Thereafter no action was taken in respect to the claim or the denial thereof for a period of more than six years.

On October 15, 1938, six years and ten months after the denial of the claim, attorneys for the plaintiffs sent a letter to the Veterans' Administration in which they requested "any information you may have bearing on the validity of the claim together with any suggestions which you may see fit to offer." "Also suggestions as to the proper course for us to pursue and the necessary blanks."

In reply the Veterans' Administration wrote them, October 22, 1938:

"This will acknowledge the receipt of your communication dated October 15, 1938, together with inclosures.

"A review of the records discloses that the late Mr. Raymond A. Stulce, while in the military service, was granted yearly renewable term insurance in the amount of $10,000 for which he named his mother, Martha Stulce, and his father, Charles Stulce, as beneficiaries each in the amount of $5,000. This insurance was allowed to lapse for nonpayment of the premium due June 1, 1919 and was not thereafter reinstated or converted to any form of United States Government life insurance. Mr. Raymond A. Stulce was discharged from the military service May 22, 1919.

"The contract of insurance and the law under which it was issued provide for the payment of benefits on account of permanent and total disability or death occurring while the insurance was in force. No

insurance was in force at the date of the veteran's death which occurred on July 12, 1920 and no benefits could therefore be paid. In order to be entitled to benefits of this insurance, it will be necessary to show that the insured veteran became permanently and totally disabled on or prior to July 1, 1919, which is the end of the grace period for the payment of the premium due June 1, 1919 and the expiration of his protection under the insurance contract.

"Permanent and total disability for insurance purposes is defined in the regulations of the Veterans' Administration as follows: 'Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed to be total disability. Total disability shall be deemed to 'permanent' whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it.'

"The records show that on June 17, 1931, an application for benefits of this insurance was filed by Mr. Charles Stulce in which he claimed that the veteran became permanently and totally disabled while he was in the military service. After consideration of all of the evidence of record, including a statement made by the veteran prior to his death to the effect that after his discharge he returned to work for the Federal Lead Works, and that on June 11, 1919 he was employed by a Mr. Porter earning $4.00 per day, a decision was rendered by the Insurance Claims Council on December 21, 1931, finding that the veteran did not become permanently and totally disabled while his insurance was in force, but that he became so disabled on February 2, 1920. Mr. Charles Stulce was advised of this decision by a letter addressed to him on December 24, 1931, at Route No. 1, St. Clair, Missouri. Mr. Stulce's reply protesting the decision of the Insurance Claims Council was received in the Veterans Administration on January 1, 1932, and that protest may be accepted as an appeal from the decision of the Insurance Claims Council.

"If Mr. Stulce desires to now further prosecute such an appeal, it is requested that he execute the inclosed Veterans Administration Form P-9 giving special attention to Item Four in which he should indicate whether or not any additional evidence will be submitted in connection with the appeal. Upon receipt of this form properly executed, further action will be taken.

"Respectfully,

"H. L. McCoy
"Director of Insurance."

The blank form enclosed in the letter of October 22, 1938, is headed "Claimant's Appeal to Administrator of Veterans' Affairs", and as filled out by the claimants and caused to be filed in December 1938, it stated that they "hereby appeal from the decision rendered on our claim on December 21, 1931, by the Veterans' Administration facility and request a review of our claim for insurance which is based on death resulting from war service."

The form directed that the claimants might state that all evidence obtainable and relating to the claim had been presented to the Veterans' Administration and claimants' refusal to so state was indicated by drawing an erasure in ink through the lines in which the statement appeared printed in the blank. Instead of that statement, claimants made the alternative statements permitted by the blank: "We certify that the following additional evidence relating to my claim will be secured and presented: Evidence in the form of official reports from the proper Service Departments that the insured was permanently and totally disabled on and prior to July 1, 1919, the date of the alleged lapse of the policy."

The further statement was made that there was "Mistake of fact in last rating of the claim was in holding that the insured veteran was not permanently and totally disabled on and prior to July 1st, 1919 and in holding that he did not become so disabled until February 2nd, 1920."

Decision on the appeal was approved by the Board of Veterans' Appeals on February 19, 1940, and copies thereof were mailed on that date to the claimants. The decision recited "This claim is properly on appeal by the parents of the deceased veteran." And after reviewing the evidence and stating the reasons for decision, it concluded:

"In view of the facts stated above and a study of the entire record, it is the decision of the Board of Veterans' Appeals that entitlement to insurance benefits through the medium of premium payments has not been established, nor is entitle-

ment under the provisions of Section 305 of the World War Veterans' Act 1924, as amended, 38 U.S.C.A. § 516, warranted, as at the time of permanent and total disability, namely, February 2, 1920, the veteran was not entitled to compensation remaining uncollected.

"To this extent the decision of the Insurance Claims Council is affirmed.

"This decision constitutes final administrative denial of this claim."

The commencement of this suit followed on May 16, 1940, as stated.

On the basis of the foregoing evidence it is contended for the parents of the veteran that the letter of the father of December 28, 1931, in which he stated that "he was greatly dissatisfied with the decision" of the Insurance Claims Council of December 21, 1931, denying his claim and in which he demanded "that the claim be reinstated again", constituted the commencement of an administrative appeal and that such appeal remained pending until 1940. It is insisted that the letter should be given that effect because broad latitude should be indulged to give effect to the intent when sufficiency of pleadings in administrative proceedings is questioned and also because the Director of Insurance declared in his letter of October 22, 1938, that "that protest may be accepted as an appeal" and the Board of Veterans' Appeals held in their decision of February 19, 1940, that "this claim is properly on appeal by the parents of the deceased veteran."

But our decision here cannot be made to turn upon the question whether the claimant's letter of December 28, 1931, did or did not contain sufficient of the essential requisites of a petition for appeal to permit its being treated as such when it was received. The argument that the bureau could have so treated it at that time has some support in the document and the action taken more than six years after its receipt may also be said to be corroborative. But the Act of Congress starts the statute of limitations running against the suits on war risk policies of which the courts may take cognizance from the denial of the claim by any employee or agency of the Veterans' Administration designated therefor. 38 U.S.C.A. §§ 445, 445d. The letter of January 5, 1932, signed by the Director of Insurance, responded directly to the statement in claimant's letter that he "was dissatisfied with the decision" against him and advised the claimant

that "Administration letter dated December 24, 1931 [informing claimant of the denial of his claim on December 21, 1931] fully sets out your privileges in the event you are dissatisfied with the decision of the Insurance Claims Council."

The Director also made it perfectly clear in this letter to the claimant that claimant's letter was not then taken or treated as an appeal and that the Director's letter constituted "the final action to be taken by this office" if the claimant did not desire to avail himself of the privilege of taking an appeal.

It was for the administrative office to determine whether the claimant's letter was to be treated as an appeal, and its determination not to so treat it, clearly expressed to the claimant, coupled with the declaration that it was the final action of the office, completed the disagreement and administrative denial of the claim as of December 21, 1931, and the claimant was entitled to sue on it in the courts. Having failed to commence suit within the period allowed by statute the right was barred. The courts have no jurisdiction to entertain suits against the United States except as empowered by statute.

The right to sue was not revived or affected by the administrative proceedings had in 1938–1940 after the lapse of the statutory period of limitations. Those proceedings were entertained by the Veterans' Administration on the claimant's representation that there was additional evidence in the form of official reports from the proper Service Departments that would be secured and presented to support the claim. It may be said that they were in the form of appellate proceedings related back to the claimant's letter of protest of December 28, 1931, which the Director stated might be treated as an appeal in the proceedings. But it cannot be held that anything done in those proceedings operated to give the claimants any new right to sue in the courts after such right had accrued by administrative denial of the claim and had lapsed through failure of the claimants to commence action within the period limited by statute.

The lack of jurisdiction in this case is more clearly apparent than it was in United States v. Kelley, 8 Cir., 110 F.2d 922, 924, where this court considered a suit upon a war risk insurance policy commenced more than six years after the claim for benefits under the policy had

been denied by the Insurance Claims Council. In that case it appeared that appeal from the denial had been allowed, taken and entertained by the Insurance Claims Council during the running of the six year period after the denial (denial August 24, 1932, appeal taken November 12, 1937) but this court held that the running of the statute was not suspended by such an appeal taken more than 60 days from the receipt of notice of the final action of the council. The court observed that if the claimant had pressed his administrative remedies the period of limitations would have remained in suspense throughout the period during which his claim was held under consideration by the Veterans' Administration. The court noted that the insured had taken no action for a period of more than five years, and stated "He cannot be permitted thus 'to suspend indefinitely the running of the statutory period of limitation' by non-action." Simmons v. United States, 4 Cir., 110 F.2d 296. In this case, as has been pointed out, more than six years of inaction followed the denial of the claim and the clear unambiguous notice to the claimant that the administrative action was final.

Appellants have placed some reliance upon United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed.——, decided December 8, 1941. But we find no support for their contentions in that decision. There, no statutory period of limitations had run after final termination of administrative consideration brought home to the interested party by notice.

The judgment appealed from was in accordance with the law.

Affirmed.