**UNITED STATES DEPARTMENT OF AG-
RICULTURE et al. v. HUNTER et al.**

No. 12301.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1949.

Rehearing Denied Feb. 17, 1949.

Frank B. Potter, U. S. Atty., of Fort
Worth, Tex., A. Devitt Vanech, Asst. Atty.
Gen., John F. Cotter, S. Billingsley Hill,
Roger P. Marquis, and George S. Swarth,
all of Washington, D. C., and O. Morris
Harrell, Asst. U. S. Atty., of Fort Worth,
for appellants.

Jack Connell and John Davenport, both
of Wichita Falls, Tex., for appellees.

Before HUTCHESON, SIBLEY and
McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The decree appealed from is that "The
mineral, oil and gas rights reserved to the
United States in each of the quitclaim
deeds to each of these plaintiffs * * *
were unlawfully reserved, and there has

been a cloud cast upon the title to the respective properties owned by these plaintiffs by virtue of such unlawful and wrongful reservations in each of said quitclaim deeds conveying the title to the respective properties of these plaintiffs. * * * The quitclaim deeds were executed by the United States through the United States Department of Agriculture through the Farm Security Administration. * * * It is further ordered, adjudged and decreed * * * that the plaintiffs in this action are hereby quieted in their title to the mineral, oil and gas rights unlawfully reserved underlying the respective properties and that each of these respective plaintiffs recover herein all of the mineral, oil and gas rights in and under their respective tracts of land." The defendants, appealing, specify as error the overruling of the motion to dismiss of each, the court's holding it had jurisdiction to enter a judgment against the United States Department of Agriculture, or against Anderson in his capacity as Secretary of Agriculture; the holding that the United States was not an indispensable party; and the holding that the reservation in the deeds was unlawful, or cast a cloud on Plaintiffs' titles.

The plaintiffs suing in a single complaint are seventy husbands, each joined by his wife, having deeds from the United States to their several parcels of land, executed between June 30, 1943, and July 1, 1944, the lands being in the Wichita Valley Farms Project of 5,600 acres in Wichita Valley, Texas, established more than five years before 1943 by the Resettlement Administration and Farm Security Administration, which were operated by the United States Department of Agriculture. The petition as amended further alleges that each plaintiff was duly received into the project, qualified to become a purchaser of his farm, arranged for a loan and paid the purchase price, in most instances more than $3,000, and received a quitclaim deed from the United States executed by the Secretary of Agriculture, acting through the Farm Security Administration and its Regional Director, but the deed retained in the grantor three-fourths of all the minerals, oil and gas, leaving to the grantees only one-fourth thereof. It is alleged that Section 640—1 of Title 12 U.S.C.A. being codified from the Act of July 1, 1944, 58 Stats. 675, requires quitclaims "without any reservations, exceptions, conditions or restrictions whatsoever", and that plaintiffs are within that Act; also that the Act codified in 40 U.S.C.A. §§ 436–439, 60 Stats. 712, which became effective July 30, 1946, requires "Any conveyance by the Government of title to land under sections 436–439 of this title shall convey all of the right, title, and interest of the Government in and to such land, including all mineral rights", and that the plaintiffs are also within that Act. Both the original and amended petitions name as defendants only the United States Department of Agriculture and Clinton P. Anderson in his capacity as Secretary of the United States Department of Agriculture. Both petitions conclude with the allegation that "Plaintiffs are compelled to bring this suit against the United States Department of Agriculture and Clinton P. Anderson, Secretary thereof, in his official capacity, and this action is not intended to be a suit against the United States of America to such an extent as to require the permission of Congress to file and maintain the same in accordance with law."

The pleadings do not allege nor does the evidence show that Anderson or the Department of Agriculture has done anything at all about these lands since the execution of the deeds or made any claim of any interest or title in or to the minerals reserved. It would seem that no claim of clouding the title is alleged or proved against them if they are suable. Willing v. Chicago Auditorium Ass'n, 277 U.S. 274, 288, 48 S.Ct. 507, 72 L.Ed. 880. They have never owned the land or minerals. They were acting for the United States in disposing of the lands and making the deeds. They violated no statute then in existence, and the plaintiffs accepted the deeds and borrowed money on them. If the deeds ought to be reformed or the reservation ought to be cancelled or a new quitclaim ought to be made under the later statutes, supposing them to be applicable, the United States ought to be in court if

it has consented to be sued; and if not, since the whole result of the decree is to transfer from the United States to the plaintiffs three-fourths of the minerals, oil and gas in the lands, the court had no power to accomplish this. Mine Safety Appliance Co. v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140; Wells v. Roper, 246 U.S. 335, 38 S.Ct. 317, 62 L.Ed. 755; State of New Mexico v. Lane, 243 U.S. 52, 37 S.Ct. 348, 61 L.Ed. 588; State of Louisiana v. Garfield, 211 U.S. 70, 29 S.Ct. 31, and Note in 53 L.Ed. page 92.

While cases may be found in which a department or bureau of the Government has been suffered to assert rights, the Department of Agriculture is not truly a juridical person, being neither an individual nor a corporation. It is an agency of the Government, not empowered to sue, or to be sued in evasion of sovereign immunity. See United States Dept. of Agriculture v. Remund, 330 U.S. 539, 541, 67 S.Ct. 891, 91 L.Ed. 1082. The Secretary however is a person. If he by affirmative act exceeds his lawful authority or threatens to do so, to the injury of established rights, he may be enjoined, for in such circumstances he is not truly representing the Government. Land, Chairman, v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209; Payne v. Central Pac. Ry. Co., 255 U.S. 228, 41 S.Ct. 314, 65 L.Ed. 598; Lane v. Watts, 234 U.S. 525, 34 S.Ct. 965, 58 L.Ed. 1440; Goltra v. Weeks, 271 U.S. 536, 46 S.Ct. 613, 70 L.Ed. 1074. But here he is not doing or threatening to do anything at all. If under the recent Acts he has a clear official duty, not discretionary, to release these minerals for the United States, he can in the District of Columbia, his official residence, be compelled to do so by mandamus. Work v. United States, 54 App.D.C. 84, 295 F. 225. If such duty is not clear, because of doubts as to whether these Acts apply to past transactions, the only remedy would seem to be to petition Congress to clarify its intentions.

Without further discussing details, we conclude that the decree cannot stand, and we set it aside with direction to dismiss the complaint.

Reversed with direction.