**LOVE v. ROYALL, Secretary of the Army**
**No. 13991.**

United States Court of Appeals
Eighth Circuit
Jan. 13, 1950.

Rehearing Denied Feb. 2, 1950.

Harold R. Love, pro se (Burdette W. Bergmann, Minneapolis, Minn., on the brief).

T. H. Wangensteen, Assistant United States Attorney, St. Paul, Minn. (John W. Graff, United States Attorney, St. Paul Minn., on the brief), for appellees.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing the complaint of the plaintiff (appellant) in an action brought by him against the defendants (appellees) for a declaratory judgment and damages, based upon the claim that he was wrongfully separated from the service as a civilian employee of the War Department (Department of the Army) from December 27, 1944, to April 3, 1945.

The complaint, in substance, alleges that the plaintiff is a Veteran of the first World War, who has, under Civil Service, held many positions in the Government service, including the Navy and War Departments, and who, during the period in suit, was an employee of the War Department, entitled to retain his position, but that he was improperly denied his rights and separated from the payroll by certain officers of the Army who were on active duty. The plaintiff prayed for a declaration of his rights, "directed to the defendant Secretary of the Department of the Army," and for findings of fact to the effect that the plaintiff was "a permanent or indefinite preference eligible, who had completed a probationary or trial period employed in the civil service, the Navy Department and the War Department, of the United States, and at all times involved, had of record an official efficiency rating of good, and satisfactory conduct rating, with a permanent competitive classified status in the civil service of the United States"; that the plaintiff "was employed and had established his right to such employment,

with the U. S. Civil Service Commission, and the War Department, as cost auditor, with compensation as provided by law for Civil Administrative Grade 9, on December 27, 1944"; and that his separation from the payroll during the period in suit was unlawful and ineffective. The plaintiff also demanded judgment for $1,000 damages "against the United States, its representative officer or agent, Kenneth C. Royall, the Secretary of the Department of the Army, and the Department of the Army, * * *."

The defendants moved for a dismissal of the complaint upon the following grounds: (1) that the United States has not consented to be sued in an action such as this, and cannot be joined as a co-defendant in any action brought under the Tucker Act, § 41(20), Title 28 U.S.C.A. [now § 1346(a) (2), Title 28 U.S.C.A.]; (2) that the action is not within the scope of the Federal Tort Claims Act, § 931, Title 28 U.S.C.A. [now § 1346(b), Title 28 U.S.C.A.]; (3) that the Department of the Army is an agency of the United States not amenable to suit; (4) that no jurisdiction was acquired over Kenneth C. Royall; (5) that the complaint fails to show that $3,000 is involved; and (6) that a similar action brought by the plaintiff on the same claim in the United States District Court for the Eastern District of Michigan against Frank D. Stanley and others was dismissed on motion of the defendants for summary judgment.

 It is our opinion that the United States has not consented to be sued in an action such as this, United States v. Sherwood, 312 U.S. 584, 589-591, 61 S.Ct. 767, 85 L.Ed. 1058; that the District Court would have no jurisdiction to render judgment against Kenneth C. Royall, who was served with process outside of the territorial jurisdiction of the District Court, Munter v. Weil Corset Co., Inc., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652, or against the Department of the Army, Herren v. Farm Security Administration, 8 Cir., 153 F.2d 76, 77; United States Department of Agriculture v. Hunter, 5 Cir., 171 F.2d 793, 795.

The contention of the plaintiff that he had insufficient notice of the motion to dismiss is without merit. He appeared and argued the motion, and shows no prejudice.

The plaintiff's motion to strike the supplemental record of the Government, which contains the proceedings had in the Eastern District of Michigan in the plaintiff's action against Stanley and others is denied on the ground that those proceedings were before the District Court on the argument of the motion to dismiss the complaint in this case.

The motion of the defendants that the plaintiff be required to pay the expense of printing the supplemental record is denied for the reason that the defendants could have obtained leave to present to this Court the material which is contained in it without having it printed.

The plaintiff's contention that costs were improperly taxed against him in the District Court is overruled.

The order appealed from is affirmed.