**Philip KUENSTLER, Plaintiff,**

v.

**OCCIDENTAL LIFE INSURANCE COMPANY, Defendant.**

Civ. No. 68–1357.

United States District Court
C. D. California.

Oct. 18, 1968.

Philip Kuenstler, in pro. per.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, and David H. Anderson, Asst. U. S. Atty., by David H. Anderson, Los Angeles, Cal., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, DECISION, AND ORDER OF DISMISSAL

HAUK, District Judge.

FINDINGS OF FACT

1. Plaintiff filed an action in the Small Claims Court, Los Angeles Judicial District, County of Los Angeles, State of California, seeking recovery of $72.00 in medical expenses from the defendant.

2. Defendant is a private insurance company which has contracted with the federal government to administer the benefit provisions of Part B of Title XVIII of the Social Security Act, known as Health Insurance for the Aged (Medicare), Public Law 89–97, 79 Stat. 286.

3. Plaintiff's claim arises out of medical expenses incurred by him which were submitted to defendant for reimbursement under the provisions of Part B of Title XVIII and disallowed by defendant as nonreimbursable.

4. Prior to the time set for appearance in the Small Claims action, the defendant filed a Petition for Removal in the United States District Court, Central District of California, and a copy of this Petition along with a Notice of Filing of Petition for Removal were filed in the Small Claims Court.

5. The presiding judge of the Small Claims Court ruled that this action had been transferred to the United States District Court and that the Small Claims Court no longer had jurisdiction to act upon plaintiff's claim.

6. After removal of plaintiff's action to this Court, defendant filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted.

7. The following Conclusions of Law, insofar as they may be considered Findings of Fact, and also found by the Court to be true in all respects. From the foregoing facts the Court concludes that:

CONCLUSIONS OF LAW

I

The defendant is the duly authorized agent of the United States of America in administering the benefit provisions of Part B of Title XVIII of the Social Security Act, Public Law 89–97.

II

The United States of America is the real party in interest in this action.

III

This action was properly removed from the Small Claims Court to the United States District Court pursuant to 28 U.S. C. § 1442(a) (1).

IV

This Court has jurisdiction to determine whether it has jurisdiction to decide upon the merits of plaintiff's claim.

## V

Plaintiff has no statutory right to judicial review of his claim under the provisions of Title XVIII of the Social Security Act.

## VI

The United States of America has not waived its sovereign immunity with respect to this claim.

## VII

This Court lacks jurisdiction over the parties as this is an unconsented to suit against an agent of the United States of America.

## VIII

Plaintiff has failed to state a claim upon which relief can be granted.

## DECISION

THE DEFENDANT IS THE DULY AUTHORIZED AGENT OF THE UNITED STATES OF AMERICA IN ADMINISTERING THE BENEFIT PROVISIONS OF PART B OF TITLE XVIII OF THE SOCIAL SECURITY ACT.

Title XVIII of the Social Security Act, entitled Health Insurance for the Aged, was passed by Congress in 1965 as Public Law 89–97 and later codified as 42 U.S.C. § 1395 etc. and referred to by its popular name "Medicare". Part A of this Act is entitled "Hospital Insurance Benefits for the Aged" while Part B is entitled "Supplementary Medical Insurance Benefits for the Aged." Part B provides for the establishment and administration of the voluntary insurance program which supplements the regular Medicare benefits. The administration of benefits under this part is handled by private "carriers" who contract to provide this service pursuant to 42 U.S.C. § 1395u:

"(a) In order to provide for the administration of the benefits under this part [Part B] with maximum efficiency and convenience for individuals entitled to benefits under this part * * *, the Secretary [of Health, Education, and Welfare] is authorized to enter into contracts with carriers * * * which will perform some or all of the following functions * * *: (1) (A) make determination of the rates and amounts of payments required pursuant to this part to be made to providers of services and other persons on a reasonable cost or reasonable charge basis (as may be applicable); (B) receive, disburse, and account for funds in making such payments * *."

For purposes of this Act, the term "carrier" is defined in 42 U.S.C. § 1395u (f) (1) as follows:

" * * * with respect to providers of services and other persons, a voluntary association, corporation, partnership, or other nongovernmental organization which is lawfully engaged in providing, paying for, or reimbursing the cost of, health services under group insurance policies or contracts, medical or hospital service agreements, membership or subscription contracts, or similar group arrangements, in consideration of premiums or other periodic charges payable to the carrier, including a health benefits plan duly sponsored or underwritten by an employee organization * * *"

In accordance with 42 U.S.C. § 1395u, the Secretary of Health, Education, and Welfare entered into a contract with the defendant for the latter to administer the benefit provisions of Part B. The defendant, while acting in this capacity, is the duly authorized agent of the United States of America (through the Secretary of Health, Education, and Welfare).

THE SECRETARY OF HEALTH, EDUCATION, AND WELFARE IS THE REAL PARTY IN INTEREST IN THIS ACTION.

The regulations established pursuant to Title XVIII were published on August 8, 1968, in 33 Federal Register at pp. 11274–

11281 and provide for the administration of the benefit provisions of Part B of this Act by private carriers. 20 C.F.R. § 405.670 includes the following provision:

"* * * [I]n the performance of their contractual undertakings, the carriers act on behalf of the Secretary, carrying on for him the administrative responsibilities imposed by the law. The Secretary, however, is the real party in interest in the administration of the program and will endeavor to safeguard the interests of his contractual representatives with respect to their actions in the fulfillment of commitments under the contracts entered into by them with the Secretary."

In addition to this regulation, the contract between the defendant and the Secretary of Health, Education, and Welfare provides, at paragraph XIV, for indemnification of the carriers (defendant) as follows:

"In the event the Carrier or any of its directors, officers, or employees are made parties to any judicial or administrative proceeding arising, in whole or in part, out of any function of the Carrier under this agreement in connection with any claim for benefits by any individual or his assignee, then the Secretary shall hold the Carrier harmless for all judgments, settlements, and costs, in favor of such individual or his assignee, incurred by the Carrier or any of its directors, officers or employees in connection therewith. The Carrier shall reimburse the United States for the amount of any valid judgment or award paid by the United States in the discharge of the Secretary's obligations under this Article if the court rendering the judgment or the agency making the award finds or otherwise determines that the liability underlying the judgment or award was the direct consequence of criminal conduct or gross negligence or fraud on the part of the Carrier."

█ The defendant, while administering the benefit provisions of Part B, is acting on behalf of the real party in interest, which is the United States of America acting through the Secretary of Health, Education, and Welfare.

## THIS ACTION WAS PROPERLY REMOVED FROM THE SMALL CLAIMS COURT PURSUANT TO 28 U.S.C. § 1442(a) (1).

Authority to remove this action from the Small Claims Court to the United States District Court is based upon 28 U.S.C. § 1442(a) (1):

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *"

█ This is an action against a person (defendant) acting under an officer of the United States of America (Secretary of Health, Education, and Welfare), and such person was acting under color of office in administering the benefit provisions of Part B of Title XVIII. The action was therefore properly removed from the Small Claims Court to this Court.

## THIS COURT HAS JURISDICTION TO DETERMINE WHETHER IT HAS JURISDICTION TO DECIDE UPON THE MERITS OF PLAINTIFF'S CLAIM.

If this Court has jurisdiction over the subject matter of this action, then this would be the proper forum in which to decide the issues upon their merits since the defendant was acting under authority of an officer of the United States of America as its duly authorized agent. State of Texas ex rel. Falkner v. National Bank of Commerce of San Antonio, 290 F.2d 229 (5th Cir., 1961), cert. denied 368 U.S. 832, 82 S.Ct. 55, 7 L.Ed.2d 35.

█ While this Court is limited in its jurisdiction over the parties or subject matter of an action, it does have jurisdiction to decide whether or not it has

jurisdiction over the parties or the subject matter, and whether it can decide upon the merits of the claim. Moore's Federal Practice, § 60.25(2); Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Yanow v. Weyerhaeuser Steamship Co., 274 F.2d 274 (9th Cir., 1959), aff. 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 812. In Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938), the Court stated,

"A court does not have the power, by judicial fiat, to extend its jurisdiction over matters beyond the scope of the authority granted to it by its creators. There must be admitted, however, a power to interpret the language of the jurisdictional instrument and its application to an issue before the court. Where adversary parties appear, a court must have the power to determine whether or not it has jurisdiction of the person of a litigant, or whether its geographical jurisdiction covers the place of the occurrence under consideration. Every court in rendering a judgment, tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter. * * * "

■ Therefore this Court does have jurisdiction over this action to enable it to determine whether it has jurisdiction to decide upon the merits of plaintiff's claim.

### PLAINTIFF HAS NO STATUTORY RIGHT TO JUDICIAL REVIEW OF HIS CLAIM UNDER THE PROVISIONS OF TITLE XVIII OF THE SOCIAL SECURITY ACT.

The plaintiff is seeking to recover the amount of $72.00 allegedly paid by him for medical services which were disallowed by defendant. Plaintiff submitted this claim to defendant for reimbursement and defendant made a determination that plaintiff's claim did not qualify for reimbursement. Any rights to judicial review of determinations made by the defendant are governed by the provisions of Title XVIII of the Social Security Act as codified in 42 U.S.C. § 1395ff:

"(a) The determination of whether an individual is entitled to benefits under part A or part B, and the determination of the amount of benefits under part A, shall be made by the Secretary in accordance with regulations prescribed by him.

"(b) Any individual dissatisfied with any determination under subsection (a) of this section as to entitlement under part A or part B, or as to amount of benefits under part A where the matter in controversy is $100 or more, shall be entitled to a hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title, and, in the case of a determination as to entitlement or as to amount of benefits where the amount in controversy is $1,000 or more, to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title."

There is no right to judicial review of questions relating to the amount of benefits to which plaintiff is entitled to receive reimbursement. This section clearly limits the right to judicial review to claims of $1,000 or more. However, in addition to this requirement as to amount, judicial review is possible only where the Secretary of Health, Education, and Welfare has reached a final decision, and claims as to the amount of benefits under Part B are excluded from review by the Secretary no matter what the amount. Therefore, there is no judicial review of the amount of claims under Part B of Title XVIII.

The reasoning behind this exclusion of judicial review is discussed in the Report of the Committee on Finance, Senate Report No. 404, at pp. 54–55:

"The committee's bill provides for the Secretary to make determinations, under both the hospital insurance plan and the supplementary medical insurance benefits and for hearings by the

Secretary and judicial review where an individual is dissatisfied with the Secretary's determination. Hearings and judicial review are also provided for where an individual is dissatisfied with a determination as to the amount of benefits under the hospital insurance plan if the amount in controversy is $1,000 or more. *(Under the supplementary plan, carriers, not the Secretary, would review beneficiary complaints regarding the amount of benefits, and the bill does not provide for judicial review of a determination concerning the amount of benefits under part B where claims will probably be for substantially smaller amounts than under part A.)* Hospitals, extended care facilities, and home health agencies would be entitled to hearing and judicial review if they are dissatisfied with the Secretary's determination regarding their eligibility to participate in the program. It is intended that the remedies provided by these review procedures shall be exclusive." [Emphasis supplied.]

42 U.S.C. § 1395u(b) (3) (C) requires the Secretary of Health, Education, and Welfare to provide in its contracts with the carriers for procedures to be utilized by the carriers to provide fair hearings on all disputed claims. This relieves the courts of the burden of reviewing and deciding upon the merits of the many small claims involved in the administration of Part B, such as plaintiff's claim for $72.00.

■ Therefore plaintiff has no statutory right to judicial review of his claim and this Court lacks jurisdiction over the subject matter of this action.

## THIS COURT LACKS JURISDICTION OVER THE PARTIES AS THIS IS AN UNCONSENTED TO SUIT AGAINST AN AGENT OF THE UNITED STATES OF AMERICA.

■ Judicial review of benefit claims arising under Part B of Title XVIII is specifically excluded by 42 U.S.C. § 1395ff. In order for the plaintiff to sue the defendant, as agent for the United States of America, there must be a waiver of sovereign immunity. The plaintiff must allege a specific federal statute granting jurisdiction to this Court. However, jurisdiction over plaintiff's claim is specifically excluded by federal statute, so that this action becomes an unconsented to suit against the United States of America as the real party in interest. Therefore, this court lacks jurisdiction over the parties to this action. Reid v. United States, 211 U.S. 529, 29 S.Ct. 171, 53 L.Ed. 313 (1909). Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952). Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

In addition, 42 U.S.C. § 1395ii specifically incorporates the provisions of 42 U.S.C. § 405(h), which provides in part:

"No findings of fact or decision of the Secretary [of Health, Education, and Welfare] shall be reviewed by any person, tribunal or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter."

By implication this section would preclude any action against the defendant also, as the policy for excluding such action is the same in either case. The courts have held that sovereign immunity from suit is removed except to the extent and in the manner provided by this section. Satterfield v. Celebrezze, 244 F. Supp. 190 (D.C.S.C., 1965).

## PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

For the reasons given hereinabove, the plaintiff has failed to state a claim upon which relief can be granted and this Court lacks jurisdiction over the subject matter and parties to this action.

## ORDER

By reason of the foregoing Findings of Fact, Conclusions of Law, and Decision,

It is hereby ordered that judgment be entered against plaintiff, Philip Kuenstler, and in favor of defendant, Occidental Life Insurance Company, dismissing plaintiff's claim.

Let judgment be entered accordingly.