Ardis ALLEN, Plaintiff,

v.

Richard L. ALLEN, Defendant.

Iowa Medical Service, Garnishee.

Civ. No. 8-2244-C-2.

United States District Court
S. D. Iowa, C. D.

Nov. 1, 1968.

Bailey C. Webber, Ottumwa, Iowa, for Ardis Allen.

James P. Rielly, U. S. Atty., for Iowa Medical Service.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is predicated upon plaintiff Ardis Allen's motion to remand and motion by Iowa Medical Service, garnishee herein, to dismiss garnishment proceedings and quash garnishment.

The instant controversy originated when a separate maintenance action was commenced in the District Court of Iowa in and for Davis County, wherein Ardis Allen was the plaintiff and Richard L. Allen was the defendant. The State Court entered a decree requiring Richard L. Allen to pay to Ardis Allen certain monthly amounts. Richard L. Allen is a medical doctor who has treated qualifying patients pursuant to the Medicare Program of the Social Security Act. The Secretary of the Department of Health, Education and Welfare has entered into a contract with Iowa Medical Service, garnishee herein, for the evaluation and processing by the latter of Medicare claims in Iowa, certain of which are alleged to be owing to Richard L. Allen.

Subsequent to rendition and entry of the above State Court judgment, plaintiff Ardis Allen caused to be served upon Iowa Medical Service a notice of garnishment whereby plaintiff sought to reach funds that would be due Richard L. Allen for medical services rendered to Medicare recipients. The garnishee has removed such garnishment action to this Court, and the issues now presented for disposition are: (1) whether the garnishment action must be remanded to State Court because improperly removed, and (2) whether the garnishment action is a suit against the United States which may not be maintained without consent of the sovereign.

The garnishment action was properly removed to this Court pursuant to 28 U.S.C.A. Section 1442(a) (1).

There can no longer be doubt that garnishment is a "civil action" for purposes of removal. See Randolph v. Employers Mut. Liab. Ins. Co., 260 F.2d 461 (8th Cir. 1958); Stoll v. Hawkeye Cas. Co., 185 F.2d 96, 22 A.L.R.2d 899 (8th Cir. 1950). This decided, it only remains to be asked whether Iowa Medical Service is a "person acting under" "any officer of * * * any agency" of the United States, and, if so, whether the garnishment action in State Court was "for any Act under color of office." See 28 U.S.C.A. Section 1442(a) (1). The Court finds that Iowa Medical Service, at least for purposes of removal, was acting under the Secretary of the Department of Health, Education and Welfare and that the garnishment action was commenced against such corporation because of its action under color of such office. Sound policy requires the availability of a federal forum for adjudication of the legal status of persons who colorably have been acting under federal direction. Removal under 28 U.S.C.A. Section 1442 is, moreover, an independent ground of removal which Congress has steadily enlarged. See 1A Moore, Federal Practice, Par. 0.164(1), at 827 (2d ed. 1953). This circumstance, considered together with the clear intent of Congress to otherwise restrict federal removal jurisdiction, indicates that 28 U.S.C.A. Section 1442 is not to be given a strict interpretation. It follows that the instant case was properly removed by garnishee, Iowa Medical Service, to this Court.

The Court further finds that this garnishment action is a suit instituted against the United States without its consent. The question is one of first impression. It has, of course, long been settled that a suit against a governmental agency is a suit v. the United States requiring its consent to be sued. See New Haven Public Schools v. General Services Administration, 214 F.2d 592 (7th Cir. 1954); Love v. Royall, 179 F.2d 5 (8th Cir. 1950); United States Dept. of Agriculture v. Hunter, 171 F.2d 793 (5th Cir. 1949). And it is also clear that the waiver of sovereign immunity

may be effectuated only by act of Congress. See In re Greenstreet, Inc., 209 F.2d 660 (7th Cir. 1954); Stulce v. United States, 128 F.2d 327 (8th Cir. 1942). It is thus the plaintiff's duty in the instant case to affirmatively demonstrate the requisite consent and her place within the terms of same. See Kirk v. Good, 13 F.Supp. 1020 (E.D.Mo. 1929).

These rules are clear. They do, however, antecede the central question which must be decided: whether the Iowa Medical Service, for purposes of garnishment of Medicare funds in its control by reason of contract with the Secretary of the Department of Health, Education and Welfare, is to be substantially identified with the latter agency for purposes of sovereign immunity.

■ A suit, however captioned, is one against the United States if the judgment sought would expend itself on the public treasury or interfere with the public administration. See Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). The *results* of the judgment or decree which may be entered should be of controlling importance. See State of New Mexico v. Backer, 199 F.2d 426 (10th Cir. 1952); Jones v. Tower Production Co., 138 F.2d 675 (10th Cir. 1943).

Here, the Department of Health, Education and Welfare is obligated by contract to reimburse Iowa Medical Service for costs of administration including "the amounts of any judgment, settlement, costs, expenses, or other expenditures directly or indirectly incurred" in connection with "any judicial or administrative proceeding arising * * * out of any function of the Carrier under this agreement." It must be admitted that routine allowance of garnishment process in the circumstances of the instant case would, through inevitable disruption in Iowa Medical Service's task of evaluating and paying claims, substantially increase the costs of adminis-

tration. Such costs, under the contract, would in turn be allocable to the Department of Health, Education and Welfare. In terms of the results of any judgment, the decree sought would both expend itself on the public treasury and interfere with the public administration.

But there is another reason why the Court believes that Iowa Medical Service should be identified with the Department of Health, Education and Welfare for purposes of immunity. Iowa Medical Service is a private corporation. It may, however, by contract become the agent of the agency. Funds forwarded from the agency to Iowa Medical Service are in no sense the "property" of the latter entity. Rather, Iowa Medical Service is given custody of these funds, all of which by contract must be retained in a separate account, for the limited purpose of disbursing such funds to recipients. Its sole ambit of discretion arises in determining the reasonableness of claims. When a claim has been deemed reasonable, it must be paid from the special fund or not at all. Iowa Medical Service thus stands, for purposes of *paying* claims, in the shoes of the governmental agency, enjoying no greater discretion than that of the agency. But for convenience of administration the claims might equally well be paid directly by the agency itself.

■ In view of this Court's determination that plaintiff Ardis Allen's suit is one against the United States, it became her duty to demonstrate affirmatively the consent of Congress to be sued in these circumstances. Plaintiff has not met this burden, nor has the Court's independent effort revealed the existence of any such consent. It follows that plaintiff's action cannot be maintained.

Accordingly, it will be ordered that plaintiff's motion to remand is overruled. Further, it will be ordered that the motion by Iowa Medical Service to dismiss garnishment proceedings and quash garnishment is sustained.