**Patricia Jane JOHNSON, Plaintiff,**

v.

**Dr. Robert JOHNSON, Defendant,**
**and**
**Pennsylvania Blue Shield, Garnishee.**

Civ. A. No. 71–642.

United States District Court,
E. D. Pennsylvania.

Sept. 29, 1971.

John P. Mason, Dechert, Price & Rhoads, Philadelphia, Pa., for plaintiff.

Faith R. Whittlesey, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VAN ARTSDALEN, District Judge.

Before me is the motion of the United States of America on behalf of Pennsylvania Blue Shield (hereinafter PBS) for an order to dismiss garnishment proceedings and quash a writ of execution against PBS as garnishee.

The plaintiff, Mrs. Patricia Jane Johnson, pursuant to a support order from the Common Pleas Court of Philadelphia against her husband, Dr. Robert Johnson, caused a writ of execution to be served on PBS in an attempt to garnish certain money allegedly held by PBS and owed to Dr. Johnson for services he performed for persons covered under the Medicare program.

The government removed the action to this Court alleging that the money held by PBS and owing to Dr. Johnson was the result of services Dr. Johnson performed for persons covered under the Medicare program. The plaintiff has not sought a remand or denied the factual allegations of the removal petition and has not contested the jurisdiction of this Court. In this posture, I must assume that the money held by PBS is in fact owing to Dr. Johnson for services he performed for Medicare patients.

The government contends that PBS is under contract with the Department of Health, Education and Welfare (hereinafter HEW) to administer the Medicare program. 42 U.S.C.A. § 1395 et seq. (1969). With respect to the Medicare program, the government contends that PBS is the agent of HEW and as such is entitled to the protection of sovereign immunity. To put it another way, the Secretary of HEW is the real party in interest with respect to the administration of the Medicare program and the present action is an unconsented suit against the government.

There is no question that the doctrine of sovereign immunity is viable, and it cannot be doubted that the plaintiff could not garnish money in the possession of HEW in the absence of legislation permitting such action. 38 C.J.S. Garnish-ment § 43, p. 244 (1943) (Sovereignties); Buchanan v. Alexander, 4 How. (45 U.S.) 20, 11 L.Ed. 857 (1846); Applegate v. Applegate, 39 F.Supp. 887 (E.D.Va.1941). The plaintiff has not asserted such legislation exists and research has not disclosed any.

With respect to this motion the issue is whether PBS is the agent of HEW for the administration of Medicare, and whether HEW is the real party in interest in this matter.

The majority of the cases cited by counsel deal with situations where a person qualified for Medicare seeks to sue the entity administering Part B of the Medicare program for an allegedly improper determination of the reasonableness of a doctor bill, e. g., Knuestler v. Occidental Life Insurance Co., 292 F.Supp. 532 (D.C.Cal.1968). In the cited case the Court held that the insurance company administering Part B set up the procedure for review of such determination and there is no right of judicial review. The *Knuestler* case concluded that with respect to the administration of Part B, Occidental Life is the agent of the United States of America through the Secretary of HEW. *Id.* at 534. The Knuestler case also concludes that the Secretary of HEW is the real party in interest. *Id.* at 534, 535. Although not controlling on its facts, the reasoning of the Knuestler case as to the interpretation of the Act will be adopted.

Title 42 U.S.C.A. 1395u provides in part as follows:

"(a) In order to provide for the administration of the benefits under this part [Part B] with maximum efficiency and convenience for individuals entitled to benefits under this part * * *, the Secretary [of Health, Education, and Welfare] is authorized to enter into contracts with carriers * * which will perform some or all of the following functions * * * : (1) (A) make determinations of the rates and amounts of payments required pursuant to this part to be made to providers of services and other per-

sons on a reasonable cost or reasonable charge basis (as may be applicable) ; (B) receive, disburse, and account for funds in making such payments * * *."

20 C.F.R. § 405.670 includes the following:

" * * * [I]n the performance of their contractual undertakings, the carriers act on behalf of the Secretary, carrying on for him the administrative responsibilities imposed by the law. The Secretary, however, is the real party in interest in the administration of the program and will endeavor to safeguard the interests of his contractual representatives with respect to their actions in the fulfillment of commitments under the contracts entered into by them with the Secretary."

The government points to the case of Allen v. Allen, 291 F.Supp. 312 (S.D. Iowa 1968) as dispositive of the issues in this case. The *Allen* case is almost identical to the case before me in that it was a garnishment proceeding brought pursuant to a support order against Iowa Medical Service as garnishee, the latter being under contract with HEW to administer the Medicare program. The decision in *Allen* was based on two grounds. The first ground seems to be based on the case of Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947) for the proposition that "[a] suit, however captioned, is one against the United States if the judgment sought would expend itself on the public treasury or interfere with the public administration."

"Here, the Department of Health, Education and Welfare is obligated by contract to reimburse Iowa Medical Service for costs of administration including 'the amounts of any judgment, settlement, costs, expenses, or other expenditures directly or indirectly incurred' in connection with 'any judicial or administrative proceeding arising * * * out of any function of the Carrier under this agreement.' It

must be admitted that routine allowance of garnishment process in the circumstances of the instant case would, through inevitable disruption in Iowa Medical Service's task of evaluating and paying claims, substantially increase the costs of administration. Such costs, under the contract, would in turn be allocable to the Department of Health, Education and Welfare. In terms of the results of any judgment, the decree sought would both expend itself on the public treasury and interfere with the public administration." *Allen, supra,* 291 F. Supp. p. 314.

This ground is not convincing in the instant case because there is no question as to the amount of money involved. The sole question in this garnishment proceeding is who gets the money. Perhaps there may be some situations where a garnishment proceeding would effect the insurance company's determination of the reasonableness of the claim under Medicare and, thus, increase the cost of administration which costs would ultimately be borne by the government, but that is not the case before me.

The second ground is based on the meaning and intent of Congress with respect to the administration of Medicare.

"But there is another reason why the Court believes that Iowa Medical Service should be identified with the Department of Health, Education and Welfare for purposes of immunity. Iowa Medical Service is a private corporation. It may, however, by contract become the agent of the agency. Funds forwarded from the agency to Iowa Medical Service are in no sense the 'property' of the latter entity. Rather, Iowa Medical Service is given custody of these funds, all of which by contract must be retained in a separate account, for the limited purpose of disbursing such funds to recipients. Its sole ambit of discretion arises in determining the reasonableness of claims. When a claim has been deemed reasonable, it must be paid from the special fund or not at all.

Iowa Medical Service thus stands, for purposes of *paying* claims, in the shoes of the governmental agency, enjoying no greater discretion than that of the agency. But for convenience of administration the claims might equally well be paid directly by the agency itself." *Allen, supra,* p. 314.

It is clear that PBS in administering the Medicare program is acting as the agent for the Secretary of HEW, and as such the Secretary is the real party in interest. *Knuestler, supra;* 20 C.F.R. 405.670.

The hardship to the plaintiff and her children is apparent, and perhaps this hardship may lead Congress to enact legislation to cure the problem. However, in the absence of such legislation, this Court lacks jurisdiction over the subject matter and the motion to dismiss and to quash the writ must be granted.