LUSTER ENTERPRISES, INC., and Helen Winston, Plaintiffs,

v.

Arthur JACOBS and Apjac Productions, Inc., Defendants.

No. 66–Civ. 1914.

United States District Court
S. D. New York.

Nov. 6, 1967.

Javits & Javits, New York City, by Arthur H. Goldberg, David A. Goldstein, Eric M. Javits, New York City, of counsel, for plaintiffs.

Coudert Brothers, New York City, by Carleton G. Eldridge, Jr., Gordon T. King, New York City, of counsel, for defendants.

CROAKE, District Judge.

### MEMORANDUM

This is a motion for a temporary restraining order brought on by an Order to Show Cause. The plaintiffs, Luster Enterprises, Inc., and Helen Winston ask this court for an injunction restraining the defendants Arthur Jacobs, APJAC Productions, Inc., and their agents and assigns from producing, distributing, showing, exhibiting, advertising in the mass communications media, including but not limited to newspapers, radio, television and billboards or causing the production, distribution, showing or exhibition, etc., of any motion picture film or photoplay based on the "Doctor Doolittle" stories for any commercial purpose unless suitable credit is given to Helen Winston. As it is claimed that Helen Winston was the architect of the present screen play, the suitable credit suggested is to take the form of an acknowledgment "Conceived by Helen Winston."

The present application flows from the plaintiffs' amended complaint where it is alleged in substance that the named defendants and Twentieth Century Fox Film Corp. (FOX) have plagiarized and intend to present the plaintiffs' screen play without the permission and without recognizing the contribution of Helen Winston. The plaintiffs in their amended complaint seek damages of $4,500,000.

Rule 65, Fed.R.Civ.P., enunciates the applicable standards for the relief requested in this case. It is a restrictive rule. It requires among other things that a showing be made that if an injunction is not granted, irreparable harm will result. See Grove Press Inc. v. Collectors Publication, Inc., 264 F.Supp. 603 (C.D.Cal.1967); Dino De Laurentiis Cinematografia v. D–150, Inc., 258 F.Supp. 459 (S.D.N.Y.1966); Federal Maritime Comm. v. Atlantic & Gulf Panama Can. Zone, 241 F.Supp. 766 (S.D.N.Y.1965). In considering whether to issue a preliminary injunction, the court must consider the relative importance of the rights asserted, the acts sought to be enjoined, the irreparable nature of the injury allegedly flowing from denial of preliminary relief, probability of ultimate success or failure of the suit and balancing of dam-

ages and convenience generally. See e. g., Securities & Exchange Comm. v. Investment Bankers of America, Inc., 181 F.Supp. 346 (D.C.D.C.1960).

In this particular case we find the determinative aspect is the nature of the irreparable harm claimed. The plaintiff, Helen Winston, states that if a preliminary injunction is not issued by this court she will suffer irreparable injury. Dealing with the substance of this claim, we find it to be without merit. Helen Winston is apparently a successful and talented screen play author. If a screen credit is improperly denied her by the defendants she has an action in damages. One of the forgotten functions of the damage remedy is to apprise members of the community of the rights which the court has adjudicated in the plaintiffs' favor. If the plaintiffs prevail in this action the attendant publicity and the subsequent damage award will make Helen Winston whole within her professional community. Outside of this small professional community, screen credits have little or no significance and any resulting harm by failure to include her name in the credits will be minimal.

On the other hand, if this court grants the preliminary injunction, FOX will be required to include Helen Winston's name in the screen credits or forego its plans to premiere the film in early December. In short, as FOX has engaged in extensive advertising with this December date in mind it would in effect be forced to include Helen Winston's name in the screen credits. As Justice Telesford noted in his opinion directed to essentially the same issues (see Luster Enterprises, Inc. v. Twentieth Century Fox Film Corp., No. 16114/1967 (Sup. Ct.New York, Oct. 18, 1967)) "* * * such credit * * * [would] be but the first step in the building of a claim for damages." On balance, then, in weighing the equities, we find that if the preliminary injunction issues, the plaintiffs will have in fact been granted a large part of the relief requested in advance of any trial on the merits and will be in a superior position to press their damage claims. See Dino De Laurentiis Cinematografia v. D–150, Inc., 258 F.Supp. 459, 464 (S.D.N.Y.1966). If this court grants the requested preliminary injunction, it will not be preserving the status quo but will be tipping the scales of justice in favor of the plaintiff.

Finally, the plaintiffs were aware for some time that there was a dispute as to ownership of the literary property of the screen play because they commenced their action in this court in July of 1966. It was certainly within their power to put the case in issue before this time. The plaintiffs state that the reason it took over one year from the filing of the original complaint until the service of the answer was primarily that the defendants delayed answering the complaint. We note that the time to answer was extended by stipulation ten times. From this it appears that the plaintiffs were not anxious for a speedy determination of the issues now presented.

By its determination of this motion the court implies no view on the merits of plaintiffs' action for damages. The decision is only a reflection of this court's belief that the injunctive remedy should be reserved for those urgent matters which require immediate relief.

One other matter remains to be considered. Defendants have moved to dismiss this action pursuant to Rule 12 (b) (6), Fed.R.Civ.P., on the ground that neither of the plaintiffs in this action has legal title to or beneficial ownership of the literary property involved. If this is true, the complaint fails to state a claim upon which relief can be granted. See Hoffman v. Santly-Joy, Inc., 51 F.Supp. 778 (S.D.N.Y.1943); Manning v. Miller Music Corp., 174 F. Supp. 192 (S.D.N.Y.1959). The court feels that it has insufficient information to determine the precise relationship between the parties who are before it and those who are not with regard to rights in this material. Accordingly, the motion to dismiss is denied as is the application for a preliminary injunction.

So ordered.