322

SCHROEDER NURSING CARE, INC., a Wisconsin corporation; Bethel Convalescent Home, Inc., a Wisconsin corporation, and All Corporations and Persons Similarly Situated, Plaintiffs,

v.

MUTUAL OF OMAHA INSURANCE COMPANY, a Nebraska corporation; Robert Finch, Secretary of the Department of Health, Education and Welfare; and Thomas M. Tierney, Director of the Bureau of Health Insurance, a Division of the Department of Health, Education and Welfare, Baltimore, Maryland; and the United States of America, Defendants.

No. 69–C–418.

United States District Court
E. D. Wisconsin.

Sept. 25, 1969.

Thomas J. Bergen, Milwaukee, Wis., for plaintiffs.

No appearance as yet for the defendants.

## DECISION

MYRON L. GORDON, District Judge.

Schroeder Nursing Care, Inc., Bethel Convalescent Home, Inc., and "All Corporations and Persons Similarly Situated" have brought this motion pursuant to rule 65(b), Federal Rules of Civil Procedure, for a temporary restraining order. They seek to restrain the defendants from proceeding against the plaintiffs for collection of $28,789.00 alleged to be due from them and from "suspending or withholding" from plaintiffs payments allegedly required to be paid by law under Title 42, United States Code, § 1395 et seq.

Plaintiffs are various private nursing homes receiving payments for the care of patients under amendments to the Social Security Act. Schroeder Nursing Care, Inc. owns a nursing home, and all of its stockholders during times relevant to this action were Walter Schroeder, Esther Schroeder, and Ernest Schroeder; Bethel Convalescent Home, Inc. is a non-profit, non-stock corporation whose officers during times relevant to this action were N. A. Howard, H. J. Howard, C. G. Garner, M. C. Hamel, and Ethel Howard.

Defendants Robert Finch, Secretary of Health, Education, and Welfare, and

Thomas M. Tierney, Director of the Bureau of Health Insurance, a Division of the Department of Health, Education, and Welfare, are officers of the United States charged with the responsibility of administering the relevant Social Security Act. Mutual of Omaha Insurance Company, a Nebraska corporation, hereinafter "Mutual", is licensed to do business in Wisconsin and has its local office in Milwaukee.

Mutual has been appointed by Schroeder Nursing Care, Inc. as its "fiscal intermediary" with the government pursuant to 42 United States Code § 1395h to assist in the administration of the program under the amendments to the Social Security Act.

Schroeder Nursing Care, Inc. alleges that it entered into a buy and sell agreement wherein it agreed to buy a 127 bed facility from Bethel Convalescent Home, Inc. These parties also entered into an agreement wherein Schroeder Nursing Care, Inc. agreed to rent another facility from Bethel Convalescent Home, Inc. for a payment of $75.00 per month per bed, in the total sum of $99,000.00 for the period relevant to this case, April 1, 1967 to March 31, 1968.

Plaintiffs further allege that Mutual, during the course of its work as a private adjuster to facilitate the payment to providers of services, disallowed the rental payment of $99,000.00. Mutual's auditors, Peat, Marwick and Mitchell, filed a cost report which stated "The rental charge is excessive because it was not based on the cost to Bethel Convalescent Homes, Inc. for the rented facilities". Mutual found that the reimbursable cost to Bethel Convalescent Hospital was $1,769.00 from January 1, 1967 to March 31, 1967 and $27,020.00 from April 1, 1967 to March 31, 1968, for a total of $28,789.00.

Plaintiffs further allege that Mutual made a demand on Mr. H. J. Howard, President, Mid-American Nursing Homes, Inc., for $28,789.00 in connection with the operation of the Bethel Convalescent Hospital, in which Mr. Howard is an officer. The documents filed in this action by the plaintiffs do not identify the Mid-American Nursing Homes, Inc. and do not clearly indicate why that entity was charged $28,789.00 in connection with the transactions related to this action.

The auditors' report to Mutual, which plaintiffs annexed to their complaint, indicates that the reason the $99,000.00 rental was disallowed was that Schroeder Nursing Care, Inc. and Bethel Convalescent Home, Inc. were deemed by the auditors to be related "based on the criteria set forth in Principle 1–10 (Reg. Sec. 405.427)".

Title 20, Code of Federal Regulations, § 405.427 provides that "Costs applicable to * * * facilities * * * furnished to the provider by organizations related to the provider by * * * control are includable in the allowable cost of the provider at the cost to the related organization." The related definitions provide that

"* * * Related to the provider means that the provider to a significant extent is associated or affiliated with or has control of or is controlled by the organization furnishing the * * * facilities * * *. Control exists where an individual or an organization has the power, directly or indirectly, significantly to influence or direct the actions or policies of an organization or institution."

In a letter from a Mutual auditor to the Division of Reimbursement, Bureau of Health Insurance, dated July 3, 1969, and incorporated into plaintiffs' complaint, Mutual stated its position regarding the facility rented by Schroeder Nursing Care, Inc. The letter noted that Mr. Walter Schroeder, now a stockholder of Schroeder Nursing Care, Inc., was the administrator of Bethel Convalescent Center prior to January 1, 1967 as an employee of Mr. H. J. Howard, present officer of Bethel Convalescent Home, Inc.

"It is also noted that Mr. Howard has a management contract with this facility [Bethel Convalescent Center] to

provide essentially the same management service which he provided when he was the owner of the facility."

Additionally, the aforesaid letter states that Mr. Schroeder had still paid nothing on his purchase contract and has little or no chance of doing so in view of his lack of substantial personal assets. Finally, the letter noted that in the discussions regarding this problem "Mr. H. J. Howard has acted as spokesman for all interests involved". The letter concluded:

"We have informed Mr. Howard and the providers involved that the sales, leases, and management contracts appear to be merely legal devices set up in an attempt to circumvent the reasonable cost provisions of the Medicare regulations. In our opinion, Mr. Howard is in complete control of all phases of this organization; therefore, Paragraph 405.451 is applicable."

Plaintiffs insist that they

"are completely separate legal entities; that there is no common stock ownership; that there is no blood relationship between the parties; that there is no stock interrelated ownership through relatives, partnerships or trusts; that there is no control, legally or otherwise, practiced by one corporation against the other."

Therefore, the plaintiffs contend that Mutual's disallowance of the $99,000 rent is illegal. They petition the court to declare that the defendant's acts are illegal; that the provisions of law relating to the powers of the fiscal intermediary and to the allowance of costs to providers are unconstitutional, and that the procedure which permits Mutual power to determine whether to disallow costs without granting providers the right to a hearing is both illegal and unconstitutional.

"The injunctive remedy should be reserved for those urgent matters which re-

quire immediate relief." Luster Enterprises, Inc. v. Jacobs, 278 F.Supp. 73, 75 (S.D.N.Y.1967). With reference to rule 65(b), Federal Rules of Civil Procedure, the court in the aforesaid case stated, at p. 74, that it "requires among other things that a showing be made that if an injunction is not granted, irreparable harm will result." See also Stott v. United States, 154 F.Supp. 389, 391 (S. D.N.Y.1957).

There is no allegation in the case at bar that the plaintiffs will suffer immediate, irreparable harm if they are not granted a temporary restraining order nor that they cannot be adequately compensated in an action at law for damages.

Furthermore, a "temporary restraining order or preliminary injunction will not be granted if any debate or doubts are created by the record as to the merits of the claimed relief * * *." Fowler v. United States, 258 F.Supp. 638 (C.D. Cal.1966); Greatway Corporation v. Great Way, Inc., 179 F.Supp. 774, 776 (E.D.Wis.1960); Youngstown Sheet & Tube Co. v. Sawyer, 103 F.Supp. 978, 980 (D.D.C.1952). The facts contained in plaintiffs' pleadings and documents leave the court with substantial doubt as to the plaintiffs' ultimate right to prevail in this action. There is also doubt as to the identity of all persons and entities referred to in the pleadings as well as their roles in the transactions which gave rise to this action.

Although the defendants were served with the instant motion, together with the complaint, no appearance has as yet been made by any defendant. The time for answering the complaint has not expired. Copies of this decision and order will be sent to those persons served by the marshal.

Therefore, it is ordered that the motion for a temporary restraining order, be and hereby, is denied.