SCHROEDER NURSING CARE, INC., a Wisconsin corporation; Bethel Convalescent Home, Inc., a Wisconsin corporation, and All Corporations and Persons Similarly Situated, Plaintiffs,

v.

MUTUAL OF OMAHA INSURANCE COMPANY, a Nebraska corporation, Robert Finch, Secretary of the Department of Health, Education and Welfare, and Thomas M. Tierney, Director of the Bureau of Health Insurance, a Division of the Department of Health, Education and Welfare, Baltimore, Maryland, and the United States of America, Defendants.

No. 69–C–418.

United States District Court,
E. D. Wisconsin.

April 2, 1970.

Thomas J. Bergen, Milwaukee, Wis., for plaintiffs.

David J. Cannon, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for Robert Finch, Thomas M. Tierney and the United States.

No appearance for Mutual of Omaha Ins. Co.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs seek a judgment declaring that certain acts of the defendants are illegal and unconstitutional. They also seek injunctive relief.

Following institution of the action, the court denied the plaintiffs' motion for a temporary restraining order. Schroeder Nursing Care, Inc. v. Mutual of Omaha Ins. Co., 305 F.Supp. 322 (E.D.Wis.1969). Subsequently, the defendants moved to dismiss and for summary judgment; the court will now resolve the defendants' motions.

Certain of the facts in this case were misstated in the papers earlier filed in this case by the plaintiffs and were recited by the court in its decision at 305 F.Supp. 322. The parties have now corrected these misstatements, and these facts are not in dispute.

The plaintiff, Bethel Convalescent Home, Inc., is the owner of a 110-bed nursing home known as the Bethel Convalescent Center. Bethel leased this nursing home, with its personal property and equipment, to the plaintiff, Schroeder Nursing Care Inc., for a total charge of $99,000 per year ($75 per bed per month). In addition, Bethel sold its cash, accounts receivable, food and housekeeping supplies, and good will to Schroeder.

A distinct part of the Bethel Convalescent Center is a 27-bed unit which qualifies for participation in the Medicare program as an "extended care facility". See 42 U.S.C. § 1395x(j).

When they qualified for participation in the Medicare plan, the plaintiffs designated Mutual of Omaha as their fiscal intermediary pursuant to 42 U.S.C. § 1395h. Mutual of Omaha was authorized by the Department of Health, Education and Welfare, pursuant to § 1395h, to make determinations of reasonable cost, which are reimbursable to providers of services under the act, 42 U.S.C. § 1395f(b).

The plaintiffs complain of a cost determination involving the Bethel Convalescent Center. They contend that Schroeder is entitled to reimbursement for $75 per bed per month for the 27-bed unit of the Center, which is qualified as an extended care facility.

The defendant, Mutual of Omaha, determined that the plaintiffs are entitled to an amount less than that demanded because of the provisions of 20 C.F.R. § 405.427:

"(a) *Principle.* Costs applicable to services, facilities, and supplies furnished to the provider by organizations related to the provider by common ownership or control are includable in the allowable cost of the provider *at the cost to the related organization.* (emphasis added)

\*   \*   \*   \*   \*   \*

(c) *Application* \*   \*   \*

(2) Where the provider obtains items of services, facilities, or supplies from an organization, even though it is a separate legal entity, and the organization is owned or controlled by the owner(s) of the provider, in effect the items are obtained from itself. An example would be a corporation building a hospital or a nursing home and then leasing it to another corporation controlled by the owner. Therefore, reimbursable cost should include the costs for these items at the cost to the supplying organization."

Mutual determined that Schroeder is controlled by Bethel because of several facts not here disputed—that Mr. H. J. Howard, an officer in Bethel, had managed the Center before it was leased to Schroeder and continued to perform the same management functions at the Center under a management contract after the lease was executed, and that Schroeder has no substantial assets with which to meet its obligations under its purchase contract with Bethel. Mutual concluded that Bethel, through Mr. Howard, effectively controls Schroeder.

Mutual does not dispute Schroeder's allegation that there is no blood relationship or common stock ownership among the officers and stockholders of the two corporations. The plaintiffs contend that the two corporations "are completely separate legal entities \* \* \* there is no control, legally or otherwise, practiced by one corporation against the other."

Following Mutual's determination, Schroeder requested that the determination be reviewed by the Department of Health, Education and Welfare at a hearing called for that purpose. The Department's position then, which it also asserts here, is that Mutual's determination is final and not subject to review in a hearing. In the present action, the defendants further contend that this court is wholly without jurisdiction to review Mutual's determination and that Bethel lacks standing to join in this suit.

The plaintiffs contend that this court may review the defendants' actions under the Administrative Procedure Act. They charge illegality in the delegation of authority to Mutual to make cost determinations and in the Department's refusal to review. They also contend that applicable regulations are unconstitutional and inconsistent with the statutes; and that various letters and pamphlets which HEW has issued explaining the Medicare act are invalid because they were never published.

### I. JURISDICTION TO REVIEW DETERMINATION OF REASONABLE COST

██ The plaintiffs insist that Mutual erred in determining that $75 per bed

per month is not the reasonable cost reimbursable under the act. The defendants contend that this court lacks jurisdiction to review Mutual's determination. In my opinion, the defendants' contention must be upheld.

Title 42 U.S.C. § 1395ii states:

"Sec. 1395ii. Application of certain provisions of subchapter II. The provisions of * * * subsections * * * (h) * * * of Section 405 of this title, shall also apply with respect to this subchapter to the same extent as they are applicable with respect to subchapter II of this chapter."

Section 405(h) provides:

"(h) * * * No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 (now 28 U.S.C. § 1331 et seq.) to recover on any claim arising under this subchapter."

Section 405 contains no provision for review of reasonable cost determinations reimbursable under the act.

Nor does any provision of the Medicare act, 42 U.S.C. Chapter 7, subchapter XVIII, provide for review of such determinations. Section 1395ff provides:

"Sec. 1395ff. Determinations; appeals.

"(a) The determination of whether an individual is entitled to benefits under part A or part B, and the determination of the amount of benefits under part A, shall be made by the Secretary in accordance with regulations prescribed by him.

"(b) Any individual dissatisfied with any determination under subsection (a) of this section as to entitlement under part A or part B, or as to amount of benefits under part A where the matter in controversy is $100 or more, shall be entitled to a hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title, and, in the case of a determination as to entitlement or as to amount of benefits where the amount in controversy is $1,000 or more, to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title.

"(c) Any institution or agency dissatisfied with any determination by the Secretary that it is not a provider of services, or with any determination described in section 1395cc(b) (2) of this title, shall be entitled to a hearing thereon by the Secretary (after reasonable notice and opportunity for hearing) to the same extent as is provided in section 405(b) of this title, and to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title."

Thus, judicial review is provided for certain specified complaints; only beneficiaries under the act are permitted to seek review of the amount of benefits. In my opinion, the intent of Congress to deny judicial review for providers of services of determinations of reimbursable costs is clear. Cf. Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

Suits not authorized under § 1395ff have been dismissed for lack of subject matter jurisdiction. Kuenstler v. Occidental Life Insurance Company, 292 F. Supp. 532 (C.D.Cal.1968); Allen v. Allen, 291 F.Supp. 312 (S.D. Iowa 1968). Likewise, suits under § 405 have been dismissed where the party bringing them was not authorized to do so. See, for example, Ray v. Gardner, 387 F.2d 162 (4th Cir.1967), and Watson v. Celebrezze, 246 F.Supp. 764 (E.D.Tenn. 1965), both involving claims for attorney's fees. In my opinion, there is no

jurisdiction in this court to review a challenge by a provider of services to a determination of reimbursable costs under the act.

## II. JURISDICTION TO CONSIDER CLAIMS OF ILLEGALITY AND UNCONSTITUTIONALITY

The defendants further claim that the court lacks jurisdiction to consider the plaintiffs' other claims and that Bethel lacks standing to bring this suit. The plaintiffs contend that the court has jurisdiction under the Administrative Procedure Act to review such claims, but they have not responded to the challenge to Bethel's standing to sue.

I believe that Bethel does not have standing to bring this suit. In Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), the Supreme Court stated two tests, both of which must be met, for determining whether a litigant has standing to sue:

The first test is "[W]hether the plaintiff alleges that the challenged action has caused him injury in fact, economic or otherwise." I am satisfied that the first test is met in this case since a determination adverse to the plaintiffs might make it more difficult for Schroeder to fulfill its obligations under its lease and purchase contracts with Bethel. This result would not have been reached were the court to utilize the rule previously applicable under Harrison-Halsted Community Group, Inc. v. Housing & Home Finance Agency, 310 F.2d 99, 103–104 (7th Cir.1962).

The second test is "[W]hether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." In my opinion, the second test is not met by Bethel; the interest of a supplier to a provider of services under the act is too remote to the interests protected under the act. Nor, in my opinion, would the constitutional procedural guarantees which the

plaintiffs seek to invoke assist one who has no interest which the act protects. Accordingly, since Bethel does not qualify under one of the two required tests, it must be dismissed from the action for lack of standing.

However, I do not agree with the defendants' reliance upon the doctrine of sovereign immunity or the contention that this is an unconsented suit over which the court lacks jurisdiction. The Administrative Procedure Act, 5 U.S.C. § 702, provides:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

The act expresses a policy favoring judicial review of administrative action which should not be cut off in the absence of persuasive reason to believe that such was Congress' intent. Abbott Laboratories v. Gardner, 387 U.S. 136, 146, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970). This is especially so where constitutional questions are raised. Cf. Securities & Exchange Commission v. Wall Street Transcript Corp., 294 F.Supp. 298, 307 (S.D.N.Y.1968).

Since review is provided for by 5 U.S.C. § 706, I must reject the defendants' argument that this is an unconsented suit against the government.

## III. CLAIMS OF INVALIDITY AND UNCONSTITUTIONALITY

The plaintiffs first argue that various "Intermediary Letters" and "State Agency Letters" were issued without prior publication, and were applied retroactively to providers of services under the Medicare program. Some of these were allegedly relied upon by Mutual when it made the cost determination involved in this case. Schroeder contends

that the procedure used in issuing and applying such letters is invalid; thus, it argues that the letters are invalid.

The defendants argue that such letters and manuals as are referred to by Schroeder are merely explanatory of the act and the regulations. Therefore, they argue that the procedures necessary to the promulgation of regulations are inapplicable and that no rights of Schroeder have been violated by their issuance and application in Schroeder's case.

■ I agree with the defendants' position. Exhibits E–2 and F, attached to the plaintiffs' complaint, do no more than explain the operation of the act and the relevant regulations. Schroeder has failed to convince me that the manner of issuance of any letter or manual involved in this case has infringed any of the plaintiffs' substantial rights.

■ I also reject the further contention that the regulations promulgated by the Secretary of Health, Education and Welfare are inconsistent with the statute and violate the requirements of due process and equal protection of the laws. Section 1395x(v) (1) provides in relevant part:

> "The reasonable cost of any services shall be determined in accordance with regulations establishing the method or methods to be used, and the items to be included, in determining such costs for various types of classes of institutions, agencies, and services * * *. Such regulations in the case of extended care services furnished by proprietary facilities shall include provision for specific recognition of a reasonable return on equity capital, including necessary working capital, invested in the facility and used in the furnishing of such services, in lieu of other allowances to the extent that they reflect similar items."

Section 1395hh authorizes "The Secretary [to] prescribe such regulations as may be necessary to carry out the administration of the insurance programs under this subchapter."

Title 20, C.F.R., § 405.427, provides in part:

> "(c) *Application.* (1) Individuals and organizations associate with others for various reasons and by various means. Some deem it appropriate to do so to assure a steady flow of supplies or services, to reduce competition, to gain a tax advantage, to extend influence, and for other reasons. These goals may be accomplished by means of ownership or control, by financial assistance, by management assistance, and other ways.

> "(2) Where the provider obtains items of services, facilities, or supplies from an organization, even though it is a separate legal entity, and the organization is owned or controlled by the owner(s) of the provider, in effect the items are obtained from itself. An example would be a corporation building a hospital or a nursing home and then leasing it to another corporation controlled by the owner. Therefore, reimbursable cost should include the costs for these items at the cost to the supplying organization."

In my opinion, this regulation is not inconsistent with § 1395x(v) (1) relating to reasonable costs. This regulation purports to prevent separate entities, which in fact function as a single entity, from each making a profit under the Medicare program. Sec. 405.427 further provides:

> "(d) *Exception.* An exception is provided to this general principle if the provider demonstrates by convincing evidence to the satisfaction of the fiscal intermediary (or, where the provider has not nominated a fiscal intermediary, the Social Security Administration), that the supplying organization is a bona fide separate organization; that a substantial part of its business activity of the type carried on with the provider is transacted with others than the provider and organizations related to the supplier by common ownership or control and

there is an open, competitive market for the type of services, facilities, or supplies furnished by the organization; that the services, facilities, or supplies are those which commonly are obtained by institutions such as the provider from other organizations and are not a basic element of patient care ordinarily furnished directly to patients by such institutions; and that the charge to the provider is in line with the charge for such services, facilities, or supplies in the open market and no more than the charge made under comparable circumstances to others by the organization for such services, facilities, or supplies. In such cases, the charge by the supplier to the provider for such services facilities, or supplies shall be allowable as cost."

This section lends further support to the conclusion that 20 C.F.R. § 405.427 is consistent with the reasonable cost provisions of the act and is constitutionally permissible.

■ The plaintiffs also urge that § 405.427 violates the principle of equal protection of the laws, but I find no such violation. The distinction which the regulation draws between the situations of related and non-related organizations has a rational basis. Furthermore, I do not believe that the exception provided by § 405.427(d) is unreasonable.

■ I also reject the plaintiffs' contention that the delegation of authority to Mutual, a private organization, is improper. Section 1395h permits a provider of services to deal directly with the Secretary of Health, Education, and Welfare. See 20 C.F.R. §§ 405.401, 405.651, 405.654–.656. The plaintiffs cannot be heard to complain about their own choice. Furthermore, I do not find that such delegation is unreasonable.

■ Finally, the plaintiffs have not convinced me that Schroeder has suffered any deprivation of rights amounting to a violation of due process by the refusal of the Department of Health, Education, and Welfare to grant a hearing concerning reimbursable costs. In the present case, it appears that the facts relating to ownership and control of Schroeder are not disputed. Only the legal significance of the arrangement is in question. Under these circumstances, I find that due process does not require a hearing. In Anti-Defamation League of B'nai B'rith, Pacific Southwest Regional Office v. F.C.C., 131 U.S. App.D. C. 67, 403 F.2d 169 (1968), the then Judge Burger wrote at page 171:

> "Our examination of the record satisfies us that the Commission acted within its authority in denying an evidentiary hearing as to the undisputed facts which formed the basis of Appellant's claims. The disposition of Appellant's claims turned not on determination of facts but inferences to be drawn from facts already known and the legal conclusions to be derived from those facts."

Cf. N. L. R. B. v. Union Brothers, Inc., 403 F.2d 883 (4th Cir.1968). See, generally, Davis, Administrative Law, Chapter 7.

The resolution of the above issues makes it unnecessary to consider other points raised by the parties. In view of the conclusion above, the complaint of the plaintiffs should be dismissed.

Now, therefore, it is ordered that the defendants' motion to dismiss be and hereby is granted.

It is further ordered that the complaint of the plaintiffs be and hereby is dismissed.