## NORTHWEST COMMUNITY HOSPITAL, INC., Plaintiff,

v.

## Joseph A. CALIFANO, Jr., Secretary of Health, Education & Welfare, et al., Defendants.

Civ. No. 76–281–1.

United States District Court,
S. D. Iowa,
Central Division.

Aug. 8, 1977.

Eugene Davis, Davis, Scott & Grace, Des Moines, Iowa, J. D. Epstein, Wood, Lucksinger & Epstein, Houston, Tex., for plaintiff.

Paul A. Zoss, U. S. Atty., Des Moines, Iowa, Paul P. Cacioppo, Regional Atty. and Sheila Greenbaum, Atty., Dept. of HEW, Kansas City, Mo., for defendants.

## ORDER

STUART, Chief Judge.

Northwest Community Hospital, plaintiff (the Hospital), has brought this action to challenge the decision of the Secretary of Health, Education and Welfare, defendant (the Secretary), that management fees and interest expense incurred by the Hospital were not reimbursable under the federally funded health care program popularly known as "Medicare" and established pursuant to the Medicare Act, 42 U.S.C. § 1395 et seq. Particularly, the Hospital challenges the Secretary's application of the "related party principle", as embodied in 20 C.F.R. §§ 405.427 and 405.419, to the management contract entered into between itself and Hospital Affiliates, Inc. and its wholly owned subsidiary, Hospital Management Corporation (HAI/HMC). The Hospital also challenges the validity and/or constitutionality of said regulations, promulgated by the Secretary, and relied on as the basis for denying reimbursement to the Hospital. The reasonableness of the management fees and interest expense is not an issue in this case. This matter is now before the Court on cross-motions for summary judgment.

This action arises under the Fifth Amendment to the Constitution of the United States and under Title XVIII of the Social Security Act, as amended, 42 U.S.C. § 1395 et seq. It involves final administrative action by an agency of the Government of the United States. This Court has jurisdiction under 42 U.S.C. § 1395oo(f). The amount in controversy exceeds, exclusive of interest and costs the sum of Ten Thousand Dollars ($10,000).

The Hospital was and now is a non-profit corporation organized and existing under the laws of the State of Iowa. It is a 123-bed, short-term, acute hospital located in Des Moines, Iowa. In 1972, the Hospital was in financial difficulty and had been forced into Bankruptcy Court by the trustee for its bondholders. The bond trustee had commenced an action in the Iowa District Court to foreclose the mortgage and appoint a receiver. A receiver was appointed to solicit management and/or purchase bids from various health care related entities throughout the United States. Four bids were received and rejected by the receiver. The receiver then entered into negotiations with the three qualifying bidders and presented the improved offers to the Court. After due consideration, the Court approved the HAI/HMC offer as "the highest and best offer received" and ordered the receiver and executive office of the Hospital to enter into a management agreement with them. A management agreement between HAI/HMC and the Hospital was signed on February 1, 1973.

At all relevant times, the Hospital has been a hospital as defined in § 1861(e) of the Social Security Act, 42 U.S.C. § 1395x(e), and has been a provider of hospital services within the meaning of § 1861(u) of the Social Security Act, 42 U.S.C. § 1395x(u) and 20 C.F.R. § 405.605. The Hospital has participated in an agreement with the Secretary to provide services to all eligible individuals as a "provider of services" under Part A of Title XVIII of the Social Security Medicare Act pursuant to § 1866 of said Act, 42 U.S.C. § 1395cc. Under the Social Security Act, providers of hospital services under Part A, such as the Hospital, are reimbursed for their reasonable costs incurred in providing care to eligible beneficiaries pursuant to § 1861(v)(1)(A) of the Social Security Act, 42 U.S.C. § 1395x(v)(1)(A). The Hospital is thus eligible for reimbursement from the Secretary for such hospital services.

As the Secretary's fiscal intermediary under the Medicare Act, defendant Blue Cross of Iowa (BCI) was responsible for determining, by annual audit, the payments to be received by the Hospital for hospital services under Part A of Title XVIII of the Social Security Act, and making payments to the Hospital for such services from the Federal Hospital Insurance Trust Fund, § 1815 of the Act, 42 U.S.C. § 1395g.

As the provider of services, the Hospital filed Medicare cost reports for the reporting period ending December 31, 1973. These reports claimed reimbursement for charges for management services and interest on a loan paid by the Hospital to HAI/HMC. Defendant BCI determined: (1) that the Hospital was related to HAI/HMC within the meaning of Regulations 405.427 and 405.419, during the cost reporting period ending December 31, 1973; (2) that reimbursement for management services and interest under such circumstances would contravene the "related party principle" of §§ 405.427 and 405.419;[1] (3) and that such payments to HAI/HMC by the Hospital were not allowable costs. BCI thus decreased the amount allowed for management fees and interest expense incurred by the Hospital. These decreases in allowable costs for fiscal year 1973 resulted in an alleged decrease in Medicare reimbursement payable to the Hospital by approximately $74,900.

Pursuant to Medicare Regulations §§ 405.1835 et seq., the Hospital appealed BCI's determination of allowable costs for fiscal year 1973 to the Provider Reimbursement Review Board (hereinafter the Board), an administrative tribunal created by Act of Congress in 1972 which added § 1878 to the Social Security Act, 42 U.S.C. § 1395oo.

On July 7, 1976, the Board sustained BCI's initial determination (Decision No. 76–D35). On September 3, 1976, the Hospital filed this action for judicial review of

1. The relevant language of these sections states that an organization such as HAI/HMC, is "related" to a hospital, or other "provider of services", when there is a significant extent of association or affiliation control, ownership or influence (direct or indirect) between the two entities. 20 C.F.R. §§ 405.427(b)(1–3) and 405.-419(c)(1).

the Board's decision pursuant to 42 U.S.C. § 1395oo.

Judicial review of agency actions is governed by the following principles:

1. Where the empowering provision of a statute states simply that the agency may 'make . . . such rules and regulations as may be necessary to carry out the provisions of this Act', we have held that the validity of a regulation promulgated thereunder will be sustained so long as it is 'reasonably related to the purposes of the enabling legislation'. *Hillside Community Hospital of Ukiah v. Mathews,* 423 F.Supp. 1168, 1173 (N.D.Cal., 1976), quoting *Thorpe v. Housing Authority of the City of Durham,* 393 U.S. 268, 289–290 [89 S.Ct. 518, 21 L.Ed.2d 474] (1969).

2. It is established that the court should show great deference to the interpretation given a statute by the officers or agency charged with its interpretation. *Hillside,* supra, at 1173, quoting *Udall v. Tallman,* 380 U.S. 1, 16 [85 S.Ct. 792, 13 L.Ed.2d 616] (1964).

3. Under 5 U.S.C. § 706 the only agency actions subject to court disapproval are those that are:

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2)(A)–(F) in *Hillside,* supra, at 1173. The Court is of the opinion that, as a matter of law, the Secretary has misapplied the related party principle to the facts of this case.

The undisputed facts establish that there was no relationship between the Hospital and HAI/HMC before the execution of the management contract on February 1, 1977. That contract was entered into under court order after free and open competitive bidding. If the application of the related party principle depends upon the relationship of the parties at the time the contract rights were created, the Hospital is entitled to prevail.

The defendants have interpreted the regulation to apply to the relationship created by the contract. In the Court's opinion, the contract creates sufficient control in HAI/HMC to make the related party provision applicable. It is a close question whether the Hospital comes under the exceptions to the related party principle set forth in Regulation § 405.427(d). This question is not reached here because the Court believes that the relationship between the parties must be determined by the circumstances existing at the time the management contract was executed, not according to the rights created under the contract.

By definition, the related party principle aims at preventing "self-dealing and contrived relationships" between *related* parties, not unrelated parties. *South Boston General Hospital v. Blue Cross of Virginia and Secretary of Health, Education and Welfare,* 409 F.Supp. 1380, 1383 (W.D.Va., 1976).[2] A flat prohibition against reim-

---

**2.** In *South Boston General Hospital,* supra, the court said, inter alia, that § 405.427 applied only to "*related* parties in an *ongoing* relationship in which one of the parties is supplying services, facilities, or supplies to the other". (Emphasis added) at 1383. Although *Hillside Community Hospital of Ukiah v. Mathews,* 423 F.Supp. 1168 (N.D.Cal., 1976) contains language supporting the Secretary's position to the contrary, Hillside involved three members of the board of directors of Hillside Nonprofit holding a combined ownership interest in Hillside Associates of at least 46.5 percent *at the time of the transaction in question.* The court obviously had no problem in finding the two parties related. Cf. *Schroeder Nursing Care v. Mutual of Omaha,* 311 F.Supp. 405 (E.D.Wis., 1970).

bursement for management fees between unrelated parties where the management contract provides for a necessary degree of control would effectively and practically preclude most, if not all, hospital management contracts. Congress has expressed no intent to accomplish such a result. Entities offering hospital management services require a substantial amount of control in the operation of a hospital with which they have a management contract. Such control would automatically bring the parties within the related party principle and preclude reimbursement for all related management fees. Absent express Congressional intent, the Secretary is without the power to promulgate a prophylactic measure which, giving all due deference to the Secretary's interpretation, this Court feels goes far beyond what has been authorized by statute. If a statute is to be substantially expanded, this should be done by Congress and not through regulations enacted by the Secretary. *Addison et al. v. Holly Hill Fruit Products, Inc.,* 322 U.S. 607, 614, 617, 64 S.Ct. 1215, 88 L.Ed. 1488 (1943).

The ultimate purpose of the related party principle is to ensure that only reasonable costs are charged to the government under the Medicare program. The management fees and interest expense involved here are still subject to the test of reasonableness.

The Court therefore holds that the related party principle of 20 C.F.R. §§ 405.427 and 405.419 is not applicable to the management contract between the Hospital and HAI/HMC. This case is remanded to the Secretary for reconsideration of the Hospital's claims for reimbursement without regard to the related party principle. Absent express statutory authorization, reimbursement for attorney's fees will be denied. *Alyeska Pipeline Service Company v. Wilderness Society et al.,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1974).

IT IS THEREFORE ORDERED that the Hospital's motion for summary judgment be, and the same is hereby granted and that the Secretary's motion for summary judgment be, and the same is hereby denied.

IT IS FURTHER ORDERED that this action be and the same is hereby remanded to the Secretary for further action consistent with the opinion expressed herein.