**Myles SINCLAIR, Plaintiff,**

v.

**CITY OF ECORSE, a Michigan Municipal Corporation; Dave Jacobs, Superintendent of City of Ecorse Department of Public Works; and Larry B. Salisbury, Individually and as Mayor of the City of Ecorse, Defendants.**

No. 2:07–cv–12119.

United States District Court, E.D. Michigan, Southern Division.

June 19, 2008.

Eugene A. Goreta, Ecorse, MI, Scott F. Smith, Birmingham, MI, for Plaintiff.

George D. Lyons, Brandy and Lyons, Detroit, MI, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

JOHN FEIKENS, District Judge.

Plaintiff Miles Sinclair brings this action for the violation of his constitutional rights against Defendants City of Ecorse; Dave Jacobs, Superintendent of the City of Ecorse Department of Public Works; and Larry Salisbury, the Mayor of the City of Ecorse. Plaintiff has moved this Court to grant partial summary judgment in his favor on liability for his due process claim, and Defendants have moved for summary judgment in their favor. For the reasons detailed below, I GRANT Defendants' motion for summary judgment and DENY Plaintiff's motion for partial summary judgment.[1]

### Facts

In 2003, Plaintiff purchased a piece of property located at 4315 Sixth Street, in the City of Ecorse, Michigan (the "Property"), at a tax sale held by Wayne County. Plaintiff secured the deed to this property in November 2003. The Property, however, did not conform to the City of Ecorse's (the "City") zoning requirements. Plaintiff claims he was not aware of this at the time of purchasing the Property because he did not check the relevant City records or inspect the Property before finalizing the transaction.

On February 24, 2004, as required by Ecorse Zoning Ordinance Section 18.005(f), Plaintiff applied for a type of permit called a Certificate of Occupancy so that he could lawfully occupy the Property. The Defendants rejected this application because the Property did not conform with minimum floor area and setback requirements.

However, Plaintiff claims that this prior nonconforming use was grandfathered in and that he had obtained a right to its continued existence. Indeed, Article 11.002(a) of the City's Zoning Ordinance allows the continued use of a structure that lawfully existed at the effective date of the Ordinance so long as the use of that structure remains otherwise legal. Further, it is undisputed that the Property here was constructed previous to the enactment of the City's Zoning Ordinance on January 19, 1983. This means that the Property's prior nonconforming use was grandfathered in for a certain period of time. Defendants nevertheless rejected Plaintiff's permit application. They explained that the Property had been vacant for six months pervious to the Plaintiff purchasing it, and that this period of vacancy had eliminated the prior nonconforming use under Article 11.002 § (e)(5) of the City's Zoning Ordinance. Article 11.002 § (e)(5) reads:

> (5) When a nonconforming use of a structure, or structure and premises in combination is discontinued or ceases to exist for a period of six (6) consecutive months or for a period of eighteen (18) months during any three (3) year period, the structure, or structure and premises in combination shall not thereafter be used except in conformance with the regulations of the district in which it is located. Structures occupied by seasonal uses are exempt from this provision.

After the denial of his permit application, Plaintiff obtained a hearing before the Ecorse Zoning Board of Appeals (the "Zoning Board") in order to request a variance. Plaintiff argued to the Zoning Board that he was unaware that the Property was vacant because squatters were

---

[1]. Due to this holding, it is unnecessary to address Defendants' claims of collateral estoppel and qualified immunity.

living on the premises. The City countered that the Property had in fact been vacant and observed that the water had been turned off for two and one-half years. The Zoning Board ruled to deny the variance.

Under MCL 125.585, Plaintiff appealed the Zoning Board of Appeals' decision to the Wayne County Circuit Court. Circuit Court Judge Michael Callahan reviewed the record and on June 1, 2005, affirmed the Zoning Board of Appeals' decision. On September 16, 2005, the State of Michigan Court of Appeals dismissed Plaintiff's appeal to that court due to a lack of jurisdiction.

Plaintiff filed his Complaint in federal court on May 16, 2007. Plaintiff charges that the Defendants (1) have violated his due process rights by not providing him with a hearing on ending the Property's prior nonconforming use and (2) have violated his right to equal protection by failing to provide permits in a uniform manner under similar circumstances.[2]

### Analysis

#### A) Standard for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue remains as to a material fact if a jury could reasonably find for the nonmoving party, meaning that the nonmoving party must have put forth more than a scintilla

of evidence to support its position. *See Id.* at 252, 106 S.Ct. 2505. In considering a motion for summary judgment, the court must view the evidence and the inferences that can be drawn from it in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

#### B) Plaintiff Brings this Complaint Under 42 USC § 1983

Through the Federal Civil Rights Act, 42 U.S.C. § 1983, Congress has provided a judicial remedy for violations of federal constitutional rights by state action. Section 1983 provides in pertinent part:

> Every Person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff brings his claims for the violation of his right to procedural due process and equal protection under Section 1983. To prevail on a Section 1983 claim, a plaintiff must establish (1) that a person acting under color of state law (2) deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Mator v. City of Ecorse*, 2007 WL 1760755, *5 (E.D.Mich.2007). Defendants do not contest that they were acting under color of state law. Therefore, all that remains for this Court to determine under Section 1983 is whether Defendants deprived

---

**2.** Originally, Plaintiff also charged that Defendants had taken his property without just compensation, but he dropped this count in his brief in support of the motion for partial summary judgment.

Plaintiff of a "right secured by the Constitution or laws of the United States."

### C) Plaintiffs Procedural Due Process Claim

 Plaintiff claims that Defendants, by not providing a hearing prior to eliminating the Property's prior nonconforming use, violated his Fourteenth Amendment right to procedural due process. Sixth Circuit courts undertake a two-step analysis when considering claims for the violation of due process rights. First, a court determines whether the plaintiff has a property interest entitled to due process protection; second, if the plaintiff has such a protected property interest, the court determines what process is due. *Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir.2004).

 Property interests are not created by the Constitution, but rather by independent sources like state law. *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir.2002). Under Michigan law, property owners have a vested right in prior nonconforming uses that have not otherwise been legally invalidated. See *Heath Township v. Sall*, 442 Mich. 434, 439, 502 N.W.2d 627 (1993). The central question here is whether or not the right to the nonconforming use was legally invalidated prior to Plaintiff purchasing the property. If he acquired that vested right with the Property, the Constitution requires that he be given a hearing before that right is taken away. However, the Zoning Ordinance terminated the property right in the nonconforming use when Wayne County gained title to the Property. Because this termination occurred before Plaintiff purchased the Property, he never gained any protectable property interest in that nonconforming use. And since Plaintiff never gained a property right in the nonconforming use, Defendants did not violate his right to procedural due process by failing to give him a hearing on its continuance.

The Eastern District of Michigan has already heard cases regarding the City of Ecorse's application of its Ordinance to eliminate prior nonconforming uses. One such case is *Holly v. City of Ecorse*, 2006 WL 2727006 (E.D.Mich.2006), In *Holly*, plaintiff had purchased a piece of property in Ecorse at some point prior to 1982. *Id.* at *1. In 1982, Ecorse enacted an ordinance that established the property as a prior nonconforming use. *Id.* In 1998, plaintiff sold the property to Michael Fox, however, Fox was unable to make proper payments under the contract and he forfeited the property back to plaintiff on March 27, 2004. *Id.* At this point, the property had been vacant for an extended period of time. *Id.* When plaintiff attempted to continue the nonconforming use, Ecorse informed him he could not do so because the vacancy had been longer than six months, and as a result, the nonconforming use had expired under the City's Zoning Ordinance. *Id.* The plaintiff sued the City, claiming, *inter alia*, that the Ordinance was defective because it did not require a hearing and that the City had violated his due process rights by not giving him a hearing. *Id.* at *2. On the first issue, the court ruled that the Ordinance was valid. The court reasoned that Michigan law allows zoning ordinances to terminate nonconforming uses when that use is abandoned and that an ordinance is not defective simply because it does not detail all the procedural requirements that must be followed in its enforcement. *Id.* at *3. On the second issue, however, the court held that the City had violated plaintiff's right to procedural due process by failing to give him a pre- or post-deprivation on the termination of his prior nonconforming use. *Id.* at *4. The court reached this conclusion because a prior nonconforming use is a protected property interest under the Constitution and because the City could not deprive a person of such an interest without some type of hearing. *Id.*

The present case is distinguishable from cases like *Holly* that deal with the City of Ecorse's Zoning Ordinance. This is because, here, Plaintiff purchased the Property at a Wayne County tax sale. Under Wayne County law and the authority of Michigan Public Act 123, MCL 211.78, a property is foreclosed before being sold at a tax sale. Foreclosure eliminates all rights the previous owner had in the property, and title passes to the county treasurer. Wayne County Treasurer Public Act 123 Timeline, *available at* http://www. waynecounty.com/treasurer/PA123 Timeline.asp# (last visited June 18, 2008). The record indicates that this procedure was followed with respect to the Property at issue in this case; Plaintiff submitted to this Court a copy of a quit claim deed which transferred interest in the Property from the county treasurer to the Plaintiff. Clearly, Plaintiff obtained title to the Property from Wayne County.

Additionally, the record indicates that the Property had been vacant for well over six months before Wayne County took possession of the Property. The minutes of the City of Ecorse Zoning Board of Appeals hearing on this matter indicates that the water for the Property had at that point been turned off for about two and one-half years. The hearing was held in October 2004, so the water had been turned off since early 2002, and Plaintiff did not purchase the Property until November of 2003. As mentioned above, Article 11.002 § (e)(5) the City's Zoning Ordinance allows the termination of a prior nonconforming use after six months of continuous vacancy. I rule that the vacancy fulfilled this statutory period before the Plaintiff purchased the Property.

Therefore, when Wayne County foreclosed and took title to the Property, the property interest in the prior nonconforming use automatically ended because the six-month period had elapsed. *Holly* tells us that due process demands that the City grant a person a hearing before depriving them of such an interest, 2006 WL 2727006 at *3–4, but this reasoning does not apply to the rights of a county. Section One of the Fourteenth Amendment states that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall ... deprive any person of life, liberty, or property, without due process of law." Thus, only a "person" is entitled to due process protection under Section One of the Fourteenth Amendment, and Wayne County, being neither an individual nor a corporation, is not a juridical person and is, therefore, not protected. See *U.S. Dept. of Agriculture v. Hunter*, 171 F.2d 793, 795 (5th Cir.1949). Once Wayne County gained title to the Property, the City of Ecorse under its Zoning Ordinance was not constitutionally required to give the County a hearing and the property interested ended automatically.

Since the property interest in the nonconforming use ended when Wayne County took title to the Property, Plaintiff could not acquire this property interest along with the title.[3] Thus, Plaintiff had no

---

**3.** Plaintiff also indicates that he is entitled to the hearing because he was not given notice that the property did not conform to zoning requirements. Even assuming that had Plaintiff not received notice he would be entitled to a hearing, Plaintiffs argument fails because he received constructive notice. The Zoning Board hearing minutes reveal that the Plaintiff failed to do his due diligence and check the setbacks on the Property. "Since the recording of the various designated instruments or writings is constructive notice to those subsequently dealing with or attempting to acquire interests in the property involved, it is incumbent upon such persons to examine carefully the public records in order to determine the nature of the legal title of the prop-

property right in the nonconforming use, and due process does not require that the City grant him a hearing regarding a property right he never had.

### D) Equal Protection

■ "All equal protection cases pose the same basic question: Is the government's classification justified by a sufficient purpose?" ERWIN CHEMERISNSKY, CONSTITUTIONAL LAW PRINCIPLES AND POLICIES 643 (2nd ed.2002). In his Complaint, Plaintiff alleges that "the policy of the Defendants ... is not imposed in a general uniform manner to others in similar circumstances as here, but selective and favorable treatment is granted a select few at the whim and favor of Defendant Mayor." (Compl.¶ 25). Plaintiff does not allege that a suspect class is at issue in this case and does not question whether there is a rational basis for the Zoning Ordinance itself. Thus, Plaintiff must be advancing a claim as a class of one. To succeed on such a class-of-one claim, Plaintiff must show that he has been intentionally treated differently from others who are similarly situated and that there is no rational basis for the difference in treatment. *Rifkin Scrap Iron and Metal Co. v. Ogemaw County,* 2008 WL 2157067, *9 (E.D.Mich.2008).

■ In this case, Plaintiff has provided very little evidence showing that he was intentionally treated differently than other similarly situated individuals or that there was no rational basis for the denial of his permit application. The correspondence from the Defendants that Plaintiff has submitted detail the procedures the City follows, but reveal no bias or errors in the City's decision-making process. Instead, the evidence in this case, as a whole, indicates that there was a perfectly rational reason for denying the permits and variance: the Property did not conform to the City's Zoning Ordinance and Plaintiff had no property interest in the nonconforming use, so local law prohibited Plaintiffs intended use of the Property. Thus, no reasonable fact finder could decide that Plaintiff had been intentionally treated differently and that there was no rational reason for that difference. For this reason, Defendants are entitled to summary judgment on Plaintiff's equal protection claim.

### *Conclusion*

Plaintiff's procedural due process claim fails because he had no property interest in the prior nonconforming use; Plaintiff's equal protection claim fails because he has not submitted sufficient evidence showing that he was treated differently from other similarly situated individuals, and because there was a rational basis for the decision denying him the permit. Thus, I GRANT Defendants' motion for summary judgment and DENY Plaintiff's motion for partial summary judgment.

**IT IS SO ORDERED.**

---

erty and the rights or interests of other persons in the premises." *Shubh Hotels Detroit, L.L.C. v. Wells Operating Partnership, L.P.,* 2008 WL 2262189, *5 (Mich.App.2008) (quoting 21 Mich. Civ Jur, § 20). If Plaintiff had done his due diligence, he would have learned it was nonconforming and had been vacant for more than six months.